2010 ME 88

**Michael A. FARRELL**

v.

**CITY OF AUBURN.**

Supreme Judicial Court of Maine.

Argued: Jan. 14, 2010.

Decided: Aug. 31, 2010.

---

James E. Belleau, Esq., Darcie P.L. Beaudin, Esq. (orally), Skelton, Taintor & Abbott, Auburn, ME, for Michael A. Farrell.

David W. Bertoni, Esq. (orally), Patricia A. McAllister, Esq., Brann & Isaacson, Lewiston, ME, for the City of Auburn.

Panel: SAUFLEY, C.J., and ALEXANDER, LEVY, SILVER, MEAD, GORMAN,* and JABAR, JJ.

LEVY, J.

[¶ 1]   Michael A. Farrell appeals from a judgment entered in the Superior Court (Androscoggin County, *Delahanty,* J.) pursuant to M.R. Civ. P. 80B affirming a decision by the City of Auburn Board of Appeals (Board) that upheld a "Notice of Violation/Order to Correct" issued by the City's Code Enforcement Officer. Because we conclude that the Board's decision in this matter was advisory in nature and not subject to judicial review, we vacate the judgment of the Superior Court and remand with instructions to dismiss Farrell's Rule 80B claim and to proceed with the other independent claims asserted in his petition.

## I.   BACKGROUND

[¶ 2]   Farrell owns property in Auburn, in the City's "Rural Residence" zoning district. Due to concerns regarding the use and condition of Farrell's property, since 2001 the City has engaged in repeated efforts to require Farrell to bring the property into compliance with state and local law. Although a significant portion of the record is devoted to chronicling this history, only the City's most recent land use enforcement action is relevant to our disposition of this appeal.

[¶ 3]   On June 8, 2007, the City's Code Enforcement Officer (CEO) sent Farrell a letter entitled "Notice of Violation/Order to Correct" (NOV) alleging several violations of state and local law. The CEO issued the NOV after conducting an inspection that revealed "unregistered and uninspected motor vehicles that [were] not

---

* Although not available at oral argument, Justice Gorman participated in this opinion. *See* M.R.App. P. 12(a) ("A qualified justice may participate in a decision even though not present at oral argument.").

in running condition, scrap metal, scrap lumber, dilapidated mobile homes, junk oil tanks and equipment" on Farrell's property. The NOV warned Farrell that if he failed to bring his property into compliance in a timely manner, the City had the authority to (1) issue "citations" imposing cumulative penalties, and (2) initiate a land use enforcement action pursuant to M.R. Civ. P. 80K.

[¶ 4] The NOV also provided information regarding the process by which Farrell could challenge the NOV:

> If you wish to dispute anything contained in the Notice of Violation/Order to Correct, you may appeal to the Auburn Board of Appeals by submitting a written petition to the Director of Planning and Permitting, in accordance with Chapter 29, Article 6 of the Ordinance, within thirty (30) days of receipt of this letter requesting an appeals hearing be scheduled before the Board of Appeals.... Failure to appeal within (30) days may deprive you of your ability to contest the contents of this Notice of Violation/Order to Correct in any subsequent legal proceedings.

Consistent with this directive, Farrell appealed the NOV to the Board. After holding a public hearing, the Board affirmed the NOV and denied Farrell's appeal.

[¶ 5] Farrell appealed the Board's decision to the Superior Court pursuant to M.R. Civ. P. 80B. In October 2008, the court (*Wheeler, J.*) remanded the matter to the Board for written factual findings. On remand, the Board issued written findings based upon the evidence in the original record. Farrell again appealed the Board's decision and, in April 2009, the

court (*Delahanty, J.*) affirmed the Board's decision.[1] Farrell then filed this appeal.

## II. DISCUSSION

[¶ 6] As threshold matters, we address whether the Auburn Board of Appeals had subject matter jurisdiction over Farrell's appeal from the NOV and whether its decision constitutes an advisory ruling that is not subject to judicial review. These questions have not been raised by either party. Nonetheless, " '[j]urisdictional claims respecting subject matter present overriding issues which courts may examine at any stage of the proceedings, whether at the trial level or on appeal and whether called to the attention of the court or noted by the court on its own motion.' " *Thomas v. BFC Marine/Bath Fuel Co.*, 2004 ME 27, ¶ 5, 843 A.2d 3, 5 (quoting *Jones v. York*, 444 A.2d 382, 384 (Me.1982)). Whether an appeal is subject to dismissal because the decision appealed from is advisory in nature may likewise be raised by the Court on its own motion. *See Pepperman v. Town of Rangeley*, 659 A.2d 280, 282–83 n. 2 (Me.1995).

[¶ 7] The issue of a local board of appeals's subject matter jurisdiction "is a question of law that must be ascertained from an interpretation of statutes and local ordinances." *See Sanborn v. Town of Sebago*, 2007 ME 60, ¶ 6, 924 A.2d 1061, 1063. Municipal boards of appeal may assert jurisdiction only when "the municipality has by charter or ordinance specified the precise subject matter that may be appealed to the board and the official or officials whose action or nonaction may be appealed to the board." 30–A M.R.S. § 2691(4) (2009); *see also* 30–A M.R.S. § 4353(1) (2009).

---

1. In addition to the Rule 80B claim, Farrell asserted independent claims against the City alleging breach of contract and promissory estoppel, and seeking declaratory judgment.

Although these claims are still pending, the court directed the entry of a final judgment on the M.R. Civ. P. 80B count of Farrell's complaint. *See* M.R. Civ. P. 54(b)(1).

[¶ 8] Judicial review pursuant to Rule 80B of a municipal board's review of the issuance of an NOV is not appropriate when the decision of the municipal board being appealed has no legal consequences for the parties; that is, when it is merely advisory in nature. *See Herrle v. Town of Waterboro,* 2001 ME 1, ¶¶ 8–12, 763 A.2d 1159, 1160–62; *Pepperman,* 659 A.2d at 283.

[¶ 9] We determine whether the Board had jurisdiction over Farrell's appeal from the NOV by examining three relevant portions of the Auburn Ordinance related to enforcement actions and appeals: (A) Chapter 33, Article 1; (B) Chapter 33, Article 2; and (C) Chapter 29, Article 6. We conclude that the Board did not have subject matter jurisdiction over Farrell's appeal of the NOV pursuant to Chapter 33, Article 1 or 2, and, to the extent it did have subject matter jurisdiction pursuant to Chapter 29, Article 6, its decision was advisory in nature and is not subject to judicial review.

A. Chapter 33, Article 1 of the Auburn Ordinance

[¶ 10] The first enforcement method, found in Article 1 of Chapter 33, provides for the issuance of an NOV, which must describe the violation, specify a reasonable period within which corrective action must be taken, and state the possible consequences if the violation is not corrected. Auburn, Me., Citation System of Code Enforcement ch. 33, § 1.3 (May 1, 2007). The issuance of an NOV for an alleged violation of the City's Zoning Ordinance can lead to an enforcement action in court, including a land use complaint pursuant to M.R. Civ. P. 80K. *Id.* § 1.4. Section 1.3 of Article 1 further provides that each NOV "shall also advise the property owner of his right to appeal to the appropriate authority pursuant to section 2.8 of this chapter." *Id.* § 1.3. This reference to section 2.8 appears to be an error, however, because it is section 2.9 of Article 1 that addresses appeals, not section 2.8.[2] *See* Auburn, Me., Citation System of Code Enforcement ch. 33, § 2.9 (May 1, 2007).

[¶ 11] The only portion of section 2.9 that would apply to a CEO's issuance of an NOV is the provision that "[a]ppeals from the determinations of other code enforcement officials . . . shall be taken to Superior Court." *Id.* The remaining avenues of appeal listed in section 2.9 authorize appeals to the Board, but none is applicable to an NOV issued for an alleged zoning violation. *See id.*[3] In short, under Article

---

2. Section 2.8 governs "Extensions of Time to Correct Violations." Auburn, Me., Citation System of Code Enforcement ch. 33, § 2.8 (May 1, 2007).

3. Section 2.9 of Chapter 33 provides in its entirety:

Appeals from determinations of the Building Inspector that a violation of chapter 20 has occurred may be taken to the review board of BOCA officials as provided in the BOCA Code. Appeals from enforcement actions of the Housing Inspector shall be taken to the Board of Appeals pursuant to § 3.2 of chapter 20A. Administrative appeals from decisions of the Building Inspector or the Zoning Officer in granting or denying a permit under chapter 29 may be taken in accordance with the provisions of § 6.3(B) of that chapter. Appeals from determinations of the Fire Inspector that violations of the Fire Prevention Code or the Life Safety Code have occurred may be taken to the Auburn Fire Chief. Appeals from the determinations of other code enforcement officials and from decisions of the Fire Chief or BOCA officials shall be taken to Superior Court. Any such appeal must be taken within 48 hours after the action being appealed. The filing of an appeal shall suspend the running of the time period specified in the citation within which corrective action must be taken until the appeal is resolved.

Auburn, Me., Citation System of Code Enforcement ch. 33, § 2.9 (May 1, 2007).

1 of Chapter 33 an NOV issued for a zoning violation is not a proper subject matter for an appeal to the Board of Appeals.

**B. Chapter 33, Article 2 of the Auburn Ordinance**

[¶ 12] The second enforcement method, found in Article 2 of Chapter 33 and entitled "Alternative Enforcement Procedure," is initiated with the CEO's issuance of a citation that establishes time limits for corrective action and penalties. Auburn, Me., Citation System of Code Enforcement ch. 33, §§ 2.1 to 2.10. (May 1, 2007). Section 2.9 governs appeals from Article 2 citations, and as noted above, provides that "[a]ppeals from the determinations of other code enforcement officials . . . shall be taken to the Superior Court." *Id.* § 2.9. The CEO has not issued an Article 2 citation in this case. Once a citation is issued, the correct avenue of appellate review would be an appeal to the Superior Court.[4] *See* 30–A M.R.S. § 4353(1).

[¶ 13] Thus, the enforcement method in Article 2 of Chapter 33 does not provide authority for an administrative appeal of the NOV by Farrell to the Board of Appeals.

**C. Chapter 29, Article 6 of the Auburn Ordinance**

[¶ 14] The NOV in this case advised Farrell that he had a right to appeal "in accordance with Chapter 29, Article 6 of the Ordinance." Although Chapter 29, Article 6 governs appeals to the Board, those appeals are generally limited to appeals from decisions of the zoning officer grant-

ing or denying a permit. *See* Auburn, Me., Zoning Ordinance ch. 29, §§ 6.1(D), 6.3(B)(1) (Aug. 31, 2007). Section 6.1 of Chapter 29, however, also grants the Board jurisdiction over the "interpretation of provisions of the Zoning ordinance called into question." *Id.* § 6.1(D). In *Herrle v. Town of Waterboro,* we addressed whether a similar provision in the Waterboro Zoning Ordinance rendered a Board decision on appeal from a CEO's violation determination subject to judicial review. 2001 ME 1, ¶¶ 8–10, 763 A.2d at 1160–62. We determined that it did not. *Id.* ¶ 12, 763 A.2d at 1162.

[¶ 15] In *Herrle,* the Waterboro Board of Selectmen, acting in lieu of the CEO who had a conflict of interest, declined a neighbor's request to initiate an enforcement action against the operation of a gravel pit, which the landowners claimed was a grandfathered use. *Id.* ¶ 2, 763 A.2d at 1159–60. The neighbor appealed to the Zoning Board of Appeals (ZBA), contending that the selectmen had misinterpreted the ordinance when finding that the gravel pit was a grandfathered use. *Id.* ¶ 3, 763 A.2d at 1160. The ZBA affirmed, and the neighbors appealed to the Superior Court pursuant to Rule 80B. *Id.* ¶¶ 4–5, 763 A.2d at 1160. The Superior Court reversed the ZBA, and the landowner appealed to this Court. *Id.* ¶ 5, 763 A.2d at 1160.

[¶ 16] We concluded that a ZBA decision in an "interpretation" appeal from a violation determination by a CEO is not subject to judicial review, reasoning that absent an enforcement action, the Board's role in the appeal was merely advisory. *Id.* ¶ 9, 763 A.2d at 1161. Under the Ordi-

---

**4.** This case is instructive as to the difficulties that can arise when enforcement is based on municipal ordinance provisions. The Legislature has granted the District Court jurisdiction over enforcement of local zoning ordinances, 4 M.R.S. § 152(6–A) (2009), and we have promulgated a detailed rule governing those proceedings, M.R. Civ. P. 80K. Municipalities are not required to adopt their own enforcement mechanisms and may rely on Rule 80K for that process.

nance, even after the appeal to the ZBA, the Waterboro Board of Selectmen retained the discretion to decide whether or not to institute an enforcement action. *Id.* We stated:

> In this case, the Board of Selectmen never reached the enforcement stage because it determined that no violation existed, and the ZBA agreed. The only legal significance of the Superior Court's decision, therefore, was to provide a declaratory judgment on the issue of whether that violation determination was correct. Even if we were to affirm the Superior Court's decision finding error in the ZBA's legal analysis, the Board of Selectmen could still decide in their discretion not to bring an enforcement action against [the landowner].

*Id.* ¶ 10, 763 A.2d at 1161–62; *see also Pepperman,* 659 A.2d at 283.

[¶ 17] Similarly, in this case, to the extent that the Board's decision can be treated as providing an interpretation of provisions of the zoning ordinance, the only legal significance . of that decision is to provide an advisory opinion on the issue of whether the CEO's violation determination was correct. The Board's decision is advisory in nature because the CEO retains the discretion to decide whether or not to initiate an enforcement action. If an enforcement action is taken, under Auburn's Ordinance any appellate review lies with the courts, not with the Board.

### III. CONCLUSION

[¶ 18] We end this analysis as we began, recognizing that municipal boards may only exercise jurisdiction where the "municipality has by charter or ordinance specified the precise subject matter that may be appealed to the board and the official or officials whose action or nonaction may be appealed to the board," 30-A M.R.S. § 2691(4), and that judicial review of board decisions is not appropriate when a board renders an advisory opinion, *Herrle,* 2001 ME 1, ¶ 12, 763 A.2d at 1162; *Pepperman,* 659 A.2d at 282–83. The Auburn Ordinance does not specify that an NOV may be appealed to the Board of Appeals. Because the Auburn Ordinance gives the Board jurisdiction to review the NOV issued to Farrell only to the extent that it may provide an interpretation of the Ordinance, the Board's decision in this matter was advisory only, and is not subject to judicial review.

The entry is:

Judgment vacated and the case remanded to the Superior Court with direction to dismiss the appeal from the decision of the Auburn Board of Appeals asserted in Count I of the complaint and petition for review of governmental action, and for further proceedings related to the independent claims asserted in Counts II, III, and IV.