STATE OF MAINE
ANDROSCOGGIN, ss.

SUPERIOR COURT
DOCKET NO. AP-10-17
*MGK - AND - 6/30/2011*

TOWN OF MINOT,

Petitioner

v.

**ORDER**

CHUCK STARBIRD,

Respondent.

Petitioner, the Town of Minot ("Town"), appeals pursuant to M.R. Civ. P. 80B

the Town of Minot Board of Appeals' November 9, 2010 reconsideration decision

granting Respondent's, Chuck Starbird, appeal of the Town Code Enforcement Officer's

denial of his building permit application to construct a single family dwelling on his

property.

**Background**

Starbird owns a parcel of land in Minot, Maine, located on a discontinued portion

of the York Road. This portion of the York Road was declared a public easement by the

District Court on September 26, 2007.[1]

On May 14, 2010, Starbird submitted a building permit application to the Town

Code Enforcement Officer to construct a singe family home. The CEO denied the permit

on June 11, 2010, citing a lack of frontage on an accepted town street or private right of

way. On July 6, 2010, Starbird appealed the decision to the Town of Minot Board of

---

[1] This Judgment became final on October 17, 2007.

Appeals ("Board").[2] On September 15, 2010, the Board denied the appeal, and the decision of the CEO was affirmed. Starbird filed a timely request for reconsideration with the Board. On November 9, 2010, the Board held a hearing and reversed its September 15, 2010 decision and granted Starbird's appeal. On November 15, 2010, the Town Selectmen filed this Rule 80B Appeal of the Board's reconsideration decision.

## Standard of Review

In appeals brought pursuant to M.R. Civ. P. 80B, the court reviews administrative decisions directly. *Rudolf v. Golick*, 2010 ME 106, ¶ 7, 8 A.3d 684, 686 (citing *Logan v. City of Biddeford*, 2006 ME 102, ¶ 8, 905 A.2d 293, 295). Here, the court reviews the Board decision because "the Board heard evidence and conducted a de novo review, . . . and therefore the Board acted as fact-finder and decision-maker." *Id.* (citing *Aydelott v. City of Portland*, 2010 ME 25, ¶ 9, 990 A.2d 1024, 1026). The burden of persuasion in an action challenging an administrative decision rests on the party seeking to overturn the decision. *See Sawyer Envtl. Recovery Facilities, Inc. v. Town of Hampden*, 2000 ME 179, ¶ 13, 760 A.2d 257, 260.

The court reviews the Board decision for errors of law, abuse of discretion, or findings of fact unsupported by substantial evidence on the record. *Fitanides v. City of Saco*, 2004 ME 32, ¶ 23, 843 A.2d 8, 16 (citing *Veilleux v. City of Augusta*, 684 A.2d 413, 415 (Me. 1996)). "Substantial evidence exists if there is any competent evidence in the record to support a decision." *Id.* (citing *York v. Town of Ogunquit*, 2001 ME 53, ¶

---

[2] Appeals are addressed in Section 9-201.1 of the Minot Land Use Code: "When the Board of Appeals reviews a decision of the Code Enforcement Officer the Board of Appeals shall hold a "de novo" hearing. At this time the Board may receive and consider new evidence and testimony, be it oral or written. When acting in a "de novo" capacity the Board of Appeals shall hear and decide the matter afresh, undertaking its own independent analysis of evidence and the law, and reaching its own decision."

2

14, 769 A.2d 172, 178); *see also Ryan v. Town of Camden*, 582 A.2d 973, 975 (Me. 1990) (noting that the substantial evidence standard requires the court "to examine the entire record to determine whether on the basis of all the testimony and exhibits before the board it could fairly and reasonably find the facts as it did") (quoting *Seven Islands Land Co. v. Maine Land Use Reg. Comm'n*, 450 A.2d 475, 479 (Me. 1982)). However, "[t]he interpretation of a local ordinance is a question of law that the court reviews de novo." *Rudolf*, 2010 ME 106, ¶ 7, 8 A.3d at 686 (internal citation and quotation omitted).

When "reviewing an administrative . . . decision, the issue before the court is not whether it would have reached the same conclusion as the [administrative tribunal], 'but whether the record contains competent and substantial evidence that supports the result reached.'" *Seider v. Bd. of Exam'rs of Psychologists*, 2000 ME 206, ¶ 8, 762 A.2d 551, 555 (quoting *CWCO, Inc. v. Superintendent of Ins.*, 1997 ME 226, ¶ 6, 703 A.2d 1258, 1261). The court may not substitute its own judgment for that of the administrative tribunal. *See id.; accord, Brooks v. Cumberland Farms, Inc.*, 1997 ME 203, ¶ 12, 703 A.2d 844, 848. In other words, an administrative decision is not wrong because it is inconsistent with parts of the record or because the court might have come to a different conclusion. *See Twigg v. Town of Kennebunk*, 662 A.2d 914, 916 (Me. 1996). Similarly, "local characterizations or fact-findings as to what meets ordinance standards will be accorded substantial deference." *Rudolf*, 2010 ME 106, ¶ 7, 8 A.3d at 686 (internal citation and quotation omitted). However, if a board "fails to make sufficient and clear findings of fact [as] are necessary for judicial review," the court must remand the matter back to the board for those findings. *Comeau v. Town of Kittery*, 2007 ME 76, ¶ 9, 926

3

A.2d 189, 192 (quoting *Carroll v. Town of Rockport*, 2003 ME 135, ¶ 30, 837 A.2d 148, 157).

## DISCUSSION

In its Conclusions of Law the Board recites part of section 4-501.8, and then concludes: "The right-of-way referred to in §4-501.8 of the Land Use Code includes a public easement." (R. at I, Findings of Fact and Conclusions of Law, at 2.) The Town argues that the Board erred as a matter of law in its interpretation. Specifically, the Town asserts that "[t]he result of that decision, if upheld, is that the Code Enforcement Officer of the Town of Minot will issue a building permit for the construction of a single family residence on a public easement despite the explicit language in the Code that limits construction on public easements to certain grandfathered parcels (of which the Property is not one) with the approval of the Planning Board." (Town's Brief at 3.) Starbird disagrees, arguing that the Board correctly interpreted the term "right-of-way" to include public easements.

The Minot Land Use Code states:

Back lots may be developed for uses permitted in the District if they are or can be provided with a right-of-way that connects with a public street, a privately-owned street which privately-owned street meets the standards contained in Chapter 8 . . . or in an approved subdivision and which complies with the following provisions:

If a back lot is accessible only by a legally enforceable right-of-way, it may be used if the following conditions are met:

A. The right-of-way must be conveyed by deed recorded in the Androscoggin County Registry of Deeds to the owner of the back lot and be a minimum of 33 feet in width.
B. A legal description of the right-of-way by metes and bounds shall be attached to any building permit application for construction on the back lot.
C. Except for lots recorded on the effective date of the Ordinance, the right-of-way deed must be recorded in the Androscoggin County Registry of Deeds at the time the back lot is first deeded out as a separate parcel.

4

D. Creation of the right-of-way to serve the back lot shall not create a non-conforming front lot by reducing such lot's required road frontage below the minimum, or, if the front lot is already non-conforming, with respect to road frontage, reduce its road frontage at all. Where the right-of-way is conveyed by easement or irrevocable license, or some grant less than a fee interest, the land over which such servitude is placed may not be counted toward meeting road frontage requires for the front lot.

E. The right-of-way may serve only one principal use or structure except the right-of (*sic*) may serve two dwelling units if a common driveway is constructed meeting the standards of Chapter 4-501.3. If the right-of-way is to serve more than two dwelling units a road meeting the requirements of Chapter 8 is required.

F. No more than one right-of-way for back lot development may be created out of a single lot fronting on a state or town maintained road or private road unless each subsequent right-of-way is created out of at least an additional frontage as required in the District, and the right-of-way entrances to such road are at least the required frontage plus half of the right of way width.

G. Each principal structure on back lots shall be located within the area defined by a circle with a minimum diameter equal to the required road frontage as required in the District.

(R. at J, Town of Minot Land Use Code, § 4-501.8.)

A "right-of-way" is "[a] persons' legal right, established by usage or contract, to pass through grounds or property owned by another." BLACK'S LAW DICTIONARY 1326 (7th ed. 1999). A "public easement" is statutorily defined as "an easement held by a municipality for purposes of public access to land or water not otherwise connected to a public way, and includes all rights enjoyed by the public with respect to private ways created by statute prior to the effective date of this Act. . . ." 23 M.R.S. § 3021(2) (2011); *see also* BLACK'S LAW DICTIONARY 528 (7th ed. 1999) ("public easement. An easement for the benefit of an entire community, such as the right to travel down a street or a sidewalk."). Therefore a public easement is a *type* of right-of-way, and the Board did not err in finding that "[t]he right-of-way referred to in §4-501.8 of the Land Use Code includes a public easement."

5

It is unclear why the Board, however, after concluding that a public easement is a legally enforceable right-of-way, did not continue with its analysis and determine whether or not the public easement at issue here, York Road, met the additional conditions of section 4-501.8.[3] Section 4-501.8 requires more than just a determination that a right-of-way includes a public easement. Section 4-501.8 clearly states: "If a back lot is accessibly only by a legally enforceable right-of-way, it may be used *if the*

---

[3] At oral argument counsel for both parties argued that the Board discussed these conditions and made sufficient findings of fact, however, these discussions are not reflected in the record. For example, the Board minutes from the November 9, 2010 Reconsideration Hearing state in part:

- Tab 9 (Section 4-501.8) (Back Lots) was then discussed and how it referenced Right of Ways and the recording of the deed for the Right of Ways. There was a lengthy discussion on Section 4-501.8.
- Mr. Lynch also pointed out to the Board that Section 4-501.9 (Tab 8) was a nonconformity provision that treated public easements as Rights of Ways and that because under Section 4-501-9 a Right of Way included a public easement, then under Section 4-501-8, a public easement was included as a Right of Way.
- Mr. Murphy *questioned if the use of a public easement met the conditions of the ordinance* and also asked if the public easement could be done away with and what happens. Mr. Rattey responded that the town can do away with public easements, however they would be required to pay damages to the property owners. (emphasis added).
- Mr. Lynch requested the Board reconsider the previous decision of Sept. 15, 2010. Mr. Murphy asked the following: . . . *Challenged the time frame of lot creation.* (emphasis added).
- *All of the above were discussed in detail along with Section 4-501.8 (again). Mr. Murphy pointed out for the record the (sic) he had concerns about Mr. Franchetti conveying the easement to Mr. Starbird and that he was not the owner of the easement and that he felt that Mr. Franchetti had no legal right to convey the easement. Mr. Lynch then challenged the reasons for denying the appeal on Sept. 15, 2010. Mr. Hermansen stated that public easements do not require a deed, but did agree that our ordinance does require a recorded deed for the right of way and that the recorded court judgment stating that the York Road was a public easement was not a deed.* (emphasis added).

(R. at H, November 9, 2010 Minutes.) The court concludes that these minutes, as highlighted by the above-mentioned emphasized excerpts, are not sufficient to constitute findings on each of the conditions listed in section 4-501.8 of the Code. Although the conditions may have been discussed at the hearing, the record does not reflect these discussions nor establish the reasons why the Board concluded that Starbird's application met the Code requirements such that his appeal should be granted. Based on this record, the court is unable to discern why the Board made the decision it did. *See Seider*, 2000 ME 206, ¶ 9, 762 A.2d at 555 ("An administrative decision will be sustained if, on the basis of the entire record before it, the agency could have fairly and reasonably found the facts as it did.") (citing *CWCO, Inc.*, ¶ 6, 703 A.2d at 1261).

6

*following conditions are met . . . .*" (R. at J, Town of Minot Land Use Code, § 4-501.8) (emphasis added). The Board failed to make a determination as to whether these conditions were met. As a result, a meaningful judicial review of the decision is not possible. Where the record and the Board's findings are insufficient, courts may remand the matter to the Board for further findings. *See Sanborn v. Town of Sebago*, 2007 ME 60, ¶ 14, 924 A.2d 1061, 1065-66; *see also Carroll v. Town of Rockport*, 2003 ME 135, ¶ 27, 837 A.2d 148, 156 (noting that without sufficient findings to review the court is in danger of "'judicial usurpation of administrative functions.'") (citing *Gashgai v. Bd. of Registration in Medicine*, 390 A.2d 1080, 1085 (Me. 1978)).

A remand to the Board for a finding of facts explaining whether the application meets all of the requirements of the Code, and the basis for the decision, would allow for further judicial review.

### *Activity on Remand*

The purpose of the remand is for the Board to re-examine the entire existing record, consider the issues that it did not address, and make the findings that it omitted, as set forth above.

When the Board has made decisions on the issues identified in this order, it should issue an amended decision. Depending on what the Board concludes, the amended decision may uphold the previous reconsideration decision granting the appeal, or it may rescind that decision and deny the appeal. In either case, the amended decision shall include the Board's findings and conclusions. The parties shall also ensure that all requisite municipal action required by Rule 80B has occurred prior to filing another

7

appeal. *See Rockland Plaza Realty Corp. v. City of Rockland*, 2001 ME 81, ¶ 6 772 A.2d 256, 259.[4]

*Conclusion*

For the reasons stated, it is hereby ORDERED:

1. The appeal is sustained.

2. This matter is remanded to the Town of Minot Board of Appeals for further proceedings consistent with this Order.

Pursuant to M.R. Civ. P. 79(a), the clerk is hereby directed to incorporate this Order of Remand by reference in the docket.

DATED: 6/20/11

MaryGay Kennedy
Superior Court Justice

---

[4] In *Rockland Plaza Realty Corp.* the Law Court addressed the Petitioner's appeal of the Board's interpretation of the Ordinance, even though the Petitioner did not wait for the remand from the Board to the Commission who had to issue the final approval of the application, as well as the requested permit. 2001 ME 81, ¶ 6, 772 A.2d 256, 258-59. The Law Court stated that, although the appeal was not from the "*final* approval of the plan, as would generally be required, we nevertheless agree to take and decide [Petitioner's] appeal as a matter of law in the interest of judicial economy and to prevent further delay because all that remains . . . is the ministerial act of final approval." *Id.* (emphasis in original). The court notes that this action is also missing the "ministerial act" of final permit approval or denial, and directs the parties to ensure that all required municipal action has occurred prior to filing another appeal. *See e.g. Farrell v. City of Auburn*, 2010 ME 88, ¶ 8, 3 A.3d 385, 388 ("Judicial review pursuant to Rule 80B . . . is not appropriate when the decision of the municipal board being appealed has no legal consequences for the parties; that is, when it is merely advisory in nature.").

Date Filed __11-19-10__ __Androscoggin__ Docket No. __AP-10-17__
County

Action __80B Complaint__

TOWN OF MINOT                                    CHUCK STARBIRD

vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Norman Rattey, Esq.<br>SKELTON TAINTOR & ABBOTT<br>P.O. Box 3200<br>Auburn, ME  04211 | Scott Lynch, Esq.<br>HORNBLOWER, LYNCH, RABASCO & VANDYKE<br>P.O. Box 116<br>Lewiston, ME  04243 |

| Date of Entry | |
|---|---|
| **2010**<br>Nov 22 | Received 11-19-10:<br>Complaint Rule 80B filed.<br>$150.00 filing fee paid |
| Nov 22 | On 11-22-10:<br>Notice and Briefing Schedule 80B filed.<br>Plaintiff's Brief is due on or before January 3, 2011.<br>Copies mailed to parties on 11-22-10. |
| Dec 2 | Received 11-29-10:<br>Answer to Complaint filed. |
| Dec 7 | Rec'd on 12/6/10<br>Acknowledgement of Acceptance of Service signed by Scott Lynch, Esq. |
| Dec 14 | Received 12-14-10:<br>Defendant's Motion to Dismiss for Lack of Standing filed. ($200.00 fee pd) |
| Dec 20 | Received 12-20-10:<br>Plaintiff's Motion for Trial of Facts filed.<br>Offer of Proof and Statement of Material Facts of Plaintiff in Support of the Motion for Trial of the Facts filed. |
| Dec 29 | Rec'd on 12/29/10<br>Defendant's Objection to Plaintiff's Motion for Trial of the Facts. |
| **2011** | |
| Jan 5 | Rec'd on 1/4/11<br>Plaintiff's Opposition to Defendant's Motion to Dismiss.<br>Reply to Defendant's Objection to Plaintiff's Motion for Trial of Facts. |