STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
Docket No. AP-11-28
TDW - CUM - 12/28 2011

RODNEY BOYINGTON, et al,

　　　　Plaintiffs

v.

ORDER

STATE OF MAINE
Cumberland, ss, Clerk's Office

DEC 28 2011

RECEIVED

TOWN OF GRAY,

　　　　Defendant.

Before the court is an appeal pursuant to Rule 80B from an April 29, 2011 notice of violation issued by the Town of Gray to Rodney Boyington based on the Code Enforcement Officer's determination that Boyington and his company, Southern Maine Sitework Inc. (collectively "Boyington") were engaging in "Construction Services" – an unauthorized use in the Town's Commercial Zone. R. 7, 10. Boyington appealed the notice of violation to the Town Board of Zoning Appeals pursuant to Sections 402.9.2.B.1 and 402.9.2.C.1 of the Town Zoning Ordinance, which denied the appeal on June 29, 2011. R. 22-23.

Jurisdiction

There is a significant question whether the court has jurisdiction over this appeal. Under two recent Law Court decisions, where no enforcement action has been brought, any ruling on whether a Code enforcement officer's notice of violation was correct would constitute an advisory opinion that is not subject to review under Rule 80B. Eliot Shores LLC v. Town of Eliot, 2010 ME 129 ¶¶ 8-10, 9 A.3d 806, 808-09; Farrell v. City of Auburn, 2010 ME 88 ¶¶ 16-17, 3 A.3d 385, 389-90. This is an issue that may be raised by

the court on its own motion and which the Law Court raised in the Eliot Shores and Farrell cases after the Superior Court had reviewed ZBA decisions on their merits. See, e.g., Farrell, 2010 ME 88 ¶ 6, 3 A.3d at 387.

The only argument that the court can see which might distinguish this case from Eliot Shores and Farrell is that in issuing the April 29, 2011 notice of violation, the code enforcement officer stated that if Boyington did not appeal his decision to the ZBA, "you will have waived your right to appeal this decision and be bound by my decisions." R. 10. If in fact Boyington would be bound by the decision and would be precluded from contesting the correctness of the code enforcement officer's determination in any enforcement action, then the ZBA decision would not be advisory and this court would have jurisdiction. However, the court is not aware of any authority for the proposition that a failure to appeal from an advisory decision of the ZBA upholding a code enforcement officer's notice of violation would preclude a party from contesting that decision in a subsequent enforcement action.

However, assuming for purposes of argument that there might be a preclusive effect from failing to appeal, the court will also examine the merits of the appeal.

At the outset, while there is some ambiguity between the definition of an "Office" use – which is permitted in a commercial zone – and a "Headquarters for Contracting Business" – which is not permitted in a commercial zone, neither the code enforcement officer nor the ZBA relied on the "headquarters" definition. Both instead determined that Boyington was conducting "Construction Services" within a commercial zone. R. 10, R. 23. As a result, the court does not need to consider any alleged vagueness in the "headquarters for contracting business" definition.

2

"Construction Services" is defined as follows in the Town Zoning Ordinance: "uses such as plumbing, painting, building, well drilling, carpentry or electrical installation and excavating." Ordinance § 402.2.2. "Office" uses are defined as follows:

> The place within and from which a person or persons conducts a business providing, by way of example, but not limited to, a trade, professional or service to clients or customers. Business and professional offices may include, but are not limited to, offices for plumbing, electrical, and other construction trades, firms or contractors (including headquarters); and for lawn care and building cleaning companies; and for lawyers, doctors, accountants, engineers and other professional consultants. Personal services are not included in this definition.

Id.

On an 80B appeal, interpretation of a local ordinance is a question of law that is subject to *de novo* review. Isis Development LLC v. Town of Wells, 2003 ME 149 ¶ 3, 836 A.2d 1285, 1287 n.4. In contrast, factual determinations made by a municipal board will only be overturned if they are not adequately supported by evidence in the record. Jordan v. City of Ellsworth, 2003 ME 82 ¶ 8, 828 A.2d 768, 771.[1] On factual issues the court may not substitute its judgment for that of the board. Just because a different conclusion could be drawn from the record does not justify overturning the board's decision if there is evidence in the record that could support the board's determination. Twigg v. Town of Kennebunk, 662 A.2d 914, 916 (Me. 1995). To prevail on factual issues, the party challenging a board's decision must show that the evidence compels a different result. Id.

Interpreting the zoning ordinance as a question of law, the court concludes that contractors may maintain their offices and their office headquarters in a commercial

---

[1] Because the ZBA held a hearing in this case, the court reviews the ZBA's decision rather than the decision of the code enforcement officer. However, the court would reach the same result if it reviewed the code enforcement officer's decision.

zone but that non-office uses by contractors constitute construction services that are not permissible. In this case it is not disputed that Southern Maine Sitework Inc. is a contractor providing a wide variety of construction–related services. Although it maintains its offices and its headquarters at 104 Lewiston Road, there is substantial evidence in the record that it also uses that location to store or park heavy construction equipment between jobs. See, e.g., R. 12 and June 22, 2011 Hearing Tr. 2, 4. This is sufficient to sustain the ZBA determination that Boyington's existing use of the property constitutes unauthorized "construction services."

The entry shall be:

The above-captioned appeal is dismissed for lack of jurisdiction. In the alternative, if jurisdiction existed, the decision of the Zoning Board of Appeals would be affirmed. The Clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: December __28__, 2011

Thomas D. Warren
Justice, Superior Court

4

Date Filed __07-25-11__  __Cumberland__  Docket No. __AP-11-28__
                          County

Action ___80(B) Appeal___

RODNEY BOYINGTON                          THE TOWN OF GRAY BOARD OF ZONING
SOUTHERN MAINE SITEWORK, INC.                        APPEALS
100 LEWISTON ROAD, LLC


                                    vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| JOSEPH R. MAZZIOTTI, ESQ.<br>602 BRIGHTON AVENUE<br>PO BOX 1319<br>PORTLAND, ME 04104-1319 | WILLIAM H. DALE, ESQ.<br>PO BOX 4510<br>PORTLAND, ME 04112-4510 |