STATE OF MAINE                                    SUPERIOR COURT
YORK, ss.                                             CIVIL ACTION
                                           DOCKET NO. CV-13-114

                                           PAF - 5/16/2013

INHABITANTS OF THE TOWN OF       )
ELIOT,                           )
                                 )
                                 )
        Plaintiff                )
                                 )
v.                               )
                                 )
ELIOT SHORES, LLC; LUIS A.       )
VALDEZ; RAMONA G. ROBINSON;      )          CONSENT ORDER
ANTHONY K. MANERO; THE           )
ANTHONY K. MANERO                )
REVOCABLE TRUST; ELIZABETH       )
T. MANERO; THE ELIZABETH T.      )
MANERO REVOCABLE TRUST;          )
FRANK S. HYER; and KIMBERLY      )
HYER,                            )
                                 )
        Defendants               )

WHEREAS, in its order and decision dated March 16, 2010 in Eliot Shores, LLC, et al. v.

Inhabitants of the Town of Eliot, et al., Docket No. AP-09-042, the Maine Superior Court (York

Cty.) affirmed the decision of the Eliot Board of Appeals affirming the determination of the

Town of Eliot Code Enforcement Officer that an unlawful subdivision had been created on the

property shown on the plan entitled "Eliot Shores Planned Unit Development" recorded in the

York County Registry of Deeds in Plan Book 299, Page 4 (the "Plan"); and

WHEREAS, on appeal to the Law Court, Eliot Shores, LLC v. Town of Eliot, 2010 ME

129, 9 A.3d 806, the Law Court held that the Superior Court was without jurisdiction to review

the decision of the Eliot Board of Appeals and vacated the Superior Court judgment; and

WHEREAS, after the Law Court decision, the parties to this action, being the Town of

Eliot and all the owners of property within the Eliot Shores Planned Unit Development,

submitted the dispute to mediation and, as a result, have reached an agreement to resolve their

differences, which agreement is described in a certain Settlement Agreement made as of the 6th day of January 2011, by and among Eliot Shores, LLC, Luis A. Valdez, Ramona G. Robinson, Anthony K. Manero, the Anthony K. Manero Revocable Trust, Frank S. Hyer, Kimberly Hyer, and the Town of Eliot (the "Settlement Agreement"); and

WHEREAS without admitting or denying any of the assertions of any party, all the parties wish to avoid the expense of further litigation and risk of adverse outcomes by entering into this Consent Order; and

WHEREAS the parties have agreed to the entry of this Consent Order as the judgment of the Court in this matter,

NOW THEREFORE, it is hereby ORDERED:

1. The Settlement Agreement executed by the parties on January 6, 2011 as it pertains to financial obligations of the parties remains in full force and effect until those financial obligations are satisfied by the respective parties to the Settlement Agreement. Once the financial obligations set forth in the January 6, 2011 Settlement Agreement are satisfied, and the following documents are executed by all the parties, the Settlement Agreement shall have no further force and effect. The parties agree that the survey completed by Easterly Surveying, and all revisions, dated July 7, 2011 and signed by the private parties on February 7, 2013 and attached to this Order as Exhibit A, sets forth the appropriate division of land among the parties. In order to carry out this division of land, and the terms of the January 6, 2011 Settlement Agreement, the parties are obligated to execute and deliver the following deeds to return the land to Eliot Shores, LLC, release any easements, and terminate the Declaration for Eliot Shores, Planned Unit Development, so that the property is returned to the original ownership as one large parcel of land, which is what existed before the first division of land was accomplished by a transfer from Eliot Shores, LLC to Anthony K. Manero and Elizabeth T. Manero, Co-Trustees of

2

the Elizabeth T. Manero Revocable Trust by Warranty Deed recorded on March 8, 2005 at Book 14395, Page 063 of the York County Registry of Deeds:

A. Quitclaim with Covenant Deed from Elizabeth T. Manero, Trustee of the Elizabeth T. Manero Revocable Trust of 1992 to Eliot Shores, LLC;

B. Quitclaim with Covenant Deed from Anthony K. Manero, Trustee of the Anthony K. Manero Revocable Trust of 1992 to Eliot Shores, LLC;

C. Quitclaim with Covenant Deed from Frank S. Hyer and Kimberly Hyer to Eliot Shores, LLC;

D. Quitclaim with Covenant Deed from Ramona G. Robinson and Luis A. Valdez to Eliot Shores, LLC;

E. Release of Easement Deed from Eliot Shores, LLC, Ramona G. Robinson, Luis A. Valdez, Frank S. Hyer, Kimberly Hyer, Elizabeth T. Manero as Trustee of the Elizabeth T. Manero Revocable Trust of 1992 and Anthony K. Manero as Trustee of the Anthony K. Manero Revocable Trust of 1992 to Stephen Manero;

F. Termination of the Declaration of Covenants Conditions Restrictions and Easements for Eliot Shores, A Planned Unit Development, Eliot, Maine dated March 3, 2005 and recorded at the York County Registry of Deeds at Book 14395, Page 53.

2. Once the land is returned to the original ownership of Eliot Shores, LLC, as described in paragraph 1 of this Order, then Eliot Shores, LLC shall execute and deliver the following Warranty Deeds with exceptions to warranty covenants contained therein and with easements and other covenants and restrictions as set forth in the survey completed by Easterly Surveying, and all revisions, dated July 7, 2011 and signed by the private parties on February 7, 2013 and the Settlement Agreement. The parcel conveyed by deed from Eliot Shores, LLC to

3

Elizabeth T. Manero, Trustee of the Elizabeth T. Manero Revocable Trust of 1992, may be developed as a two unit condominium or two residences in the same ownership, and may not be further divided except in conformance with all then applicable requirements of the ordinances of the Town of Eliot.

    A. Warranty Deed from Eliot Shores, LLC to Elizabeth T. Manero, Trustee of the Elizabeth T. Manero Revocable Trust of 1992;

    B. Warranty Deed from Eliot Shores, LLC to Ramona G. Robinson and Luis A. Valdez;

    C. Warranty Deed from Eliot Shores, LLC to Kimberly Hyer and Frank S. Hyer.


3. The owners of the parcels of land deeded from Eliot Shores, LLC as described in paragraph 2 of this Order, Elizabeth T. Manero, Trustee, Ramona G. Robinson, Luis A. Valdez, Kimberly Hyer, and Frank Hyer, shall execute the following documents to create the Eliot Shores Association, a Maine Domestic Nonprofit Corporation:

    A. Bylaws of Eliot Shores Association;

    B. Articles of Incorporation for State of Maine Domestic Nonprofit Corporation Eliot Shores Association.


4. The Town of Eliot agrees that the process set forth in paragraphs 1, 2 and 3 of this Order is acceptable to it as a division of land, and the Town of Eliot furthermore agrees that as long as the property is divided and developed as described in paragraphs 1 through 3 of this Order, the Town will take no further enforcement action against any parties to this Consent Order, their heirs successors or assigns, with respect to the property of the parties as described in this Consent Order and in the Easterly Surveying plan, and all revisions, dated July 7, 2011 and and signed by the private parties on February 7, 2013, said enforcement action including, but not

4

limited to, enforcement for violating the ordinances by creating an illegal subdivision, not having proper frontage for a lot on a street, violating the standards for a private right of way, having an access road too close to other access roads, and not having a cul de sac at the end of the Private Way where such way exceeds the 1,000 foot limit. The Town of Eliot will also allow the three lots described in paragraph 1, 2 and 3 of this Consent Order to be conveyed and built upon and re-conveyed in the same manner and to the same extent as lots in an approved subdivision.

5. This Consent Order does not create any rights or obligations involving the Town of Eliot regarding the private rights and obligations created in the documents described in paragraphs 1 through 3 of this Consent Order, including, but not limited to, the plan, bylaws, deeds, easements and covenants described therein. These obligations and rights remain strictly between and among the private parties to this Consent Order, and do not create any rights or obligations with regard to the Town of Eliot. In this Consent Order the Town of Eliot is agreeing that, with regard to the actions of the parties set forth in paragraphs 1 through 3 of this Consent Order and details contained in the documents set forth in those paragraphs, the Town of Eliot is waiving any right to enforce town ordinances against any of the parties, their successors and assigns, as specifically described in paragraph 4.

6. The private parties shall complete their obligations under paragraphs 1, 2, and 3 of this Order no later than sixty days from the date that this Order is issued. Otherwise, this Order shall expire and shall have no further force and effect.

The Clerk is directed to incorporate this Order by reference in the docket in accordance with M.R.Civ.P. 79(a).

5

Date: _____May 16_____, 2013

_____
Justice, Superior Court

6



ATTORNEYS' FOR PLAINTIFF:
PHILIP R. SAUCIER, ESQ.
CHRISTOPHER L. VANIOTIS, ESQ.
BERNSTEIN SHUR
100 MIDDLE STREET
PO BOX 9729
PORTLAND, ME 04104-5029

ATTORNEYS' FOR DEFENDANTS':
WILLIAM H. DALE, ESQ. (LUIS A. VALDEZ AND RAMONA G. ROBINSON)
JENSEN BAIRD
TEN FREE STREET
PO BOX 4510
PORTLAND, ME 04112-4510

SARAH R. WILKINSON, ESQ. (FRANK S. AND KIMBERLY HYER)
WILKINSON LAW OFFICES PC
600 STATE STREET, SUITE 6
PORTSMOUTH, NH 03801

PATRICK S. BEDARD, ESQ. (ANTHONY K. MANERO AND THE ANTHONY K. MANERO
REVOCABLE TRUST)
BEDARD & BOBROW PC
9 BRADSTREET LANE
PO BOX 366
ELIOT, ME 03903

ELIZABETH T. MANERO (PRO SE)
THE ELIZABETH T. MANERO REVOCABLE TRUST
32 ANTHONY'S LANDING
ELIOT, MAINE 03903

DAVID BALLOU, ESQ. (ELIOT SHORES, LLC)
BALLOU & BEDELL
408 U.S. ROUTE ONE, SECOND FLOOR
YORK, ME 03909-1650