STATE OF MAINE
OXFORD, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-21-001

TWO BROTHERS, LLC d/b/a
SUNDAY RIVER BREWNG COMPANY

Petitioner,

v.

PROCEDURAL ORDER

STATE OF MAINE, DEPARTMENT
OF HEALTH AND HUMAN SERVICES,

Respondent

Petitioner's Rule 80C Petition appealing the Department of Health and Human Services' denial of Petitioner's application to renew its Eating and Catering License is currently pending before this court. The court has become aware that the premises subject to licensure has come under contract for sale and that a new license application has been submitted to the Department. The Petitioner LLC does not appear to be involved with or have a property interest in the new business.

The court is prohibited from issuing advisory opinions in administrative appeals and review of administrative action is not appropriate if the court's decision would have no legal consequence. *See Eliot Shores, LLC v. Town of Eliot*, 2010 ME 129, ¶ 8, 9 A.3d 806. However, judicial review is appropriate if the administrative action may affect property rights. *See Dubois Livestock Inc. v. Town of Arundel*, 2014 ME 122, ¶¶ 9-10, 103 A.3d 556; *see also Annable v. Board of Environmental Protection*, 507 A.2d 592, 595-96 (Me. 1986).

The only issue in this appeal is whether the denial of the license renewal was improper. In light of the pending sale, it does not appear as though the court's decision will have any legal consequence. If either party feels that there remains a justiciable

1

controversy in regard to this Rule 80C appeal, that party must provide written explanation of the remaining controversy alleged. Any party claiming a justiciable controversy should demonstrate how a decision by this court would have enforceable legal consequences.

The parties shall have 21 days from the entry of this Order to provide notice of the existence of a justiciable controversy. The court is ready to rule on the appeal promptly in the event either party shows that this decision not merely advisory. In the event the parties do not provide any such notice, the appeal will be dismissed.

The Clerk may enter this Order on the docket by reference pursuant to M.R. Civ. P. 79(a).

DATE: _Jun 4, 2021_

_Thomas R. McKeon_
Thomas R. McKeon
JUSTICE, SUPERIOR COURT

STATE OF MAINE
OXFORD, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP 21-01

TWO BROTHERS, LLC

v.

ORDER ON MOTION FOR
STAY

STATE OF MAINE, DEPARTMENT OF
HEALTH AND HUMAN SERVICES

Before the court is the Petitioner's Motion to Stay the Department's December 29, 2020 Final Decision while the Petitioner's appeal of the Department's decision is pending. The petitioner appeals the Commissioner's December 29 final decision affirming a Hearing Officer's affirmance of the Department's decision not to renew the Petitioner's license to operate an eating establishment. The court decides the motion to stay on the written submissions. M.R.Civ.P. 7(b)(7); *Lindemann v. Comm'n on Governmental Ethics & Election Practices*, 2008 ME 187, ¶26, 961 A.2d 538.

Both because the Petitioner has not met the procedural requirements and because the court cannot find a strong likelihood of success on the merits given the arguments in the Motion for a Stay, the court denies the Motion.

A. **Request for stay.**

A petitioner seeking a stay from the Superior Court "shall show that application to the agency for the relief sought is not practicable, or that application has been made to the agency and denied, with the reasons given by it for denial, or that the action of the agency did not afford the relief which the petitioner had requested." 5 M.R.S. § 11004. The Department's denial of the request for a stay in AP 20-03 is not applicable and was made under procedurally different

1

circumstances. While the court appreciates it may seem futile, the statute plainly requires the Petitioner to make that showing. It is not particularly overly burdensome to send the Department a formal request, even if only to be denied. Failure to do so is, by itself, grounds for the court to deny the Motion for Stay.

Rather than simply rest on the Department's procedural objection, however, the court continues on to the more substantive issue raised by the parties.

B.    **Strong likelihood to prevail on the merits.**

To grant a stay, the court must find that the Petitioner has shown "irreparable injury to the petitioner, a strong likelihood of success on the merits, *and* no substantial harm to adverse parties or the general public." 5 M.R.S. § 11004 (emphasis supplied). Because all three findings are necessary before the court grants a stay, the court may not grant a stay if the Petitioner does not show a strong likelihood of success. Petitioner's petition is based on several legal theories. The court does not address those theories that are not raised in the Motion to Stay.

In the Motion to Stay, the Petitioner focuses on an argument that the restaurant complied with all health and safety standards from the date it resumed operations on December 10 after a temporary license suspension until the expiration of Petitioner's license on December 19. There is no evidence they were not in compliance during that time frame. Therefore, because the restaurant was in compliance, the Department could not deny renewal of the license. The Department, on the other hand, argues that the decision not to renew the license was based on the history of the Petitioner's conduct since March, and not just on the Petitioner's conduct in the nine days after the license was restored.

Both arguments rely on the interpretation of Department regulations.

> 6.    **Renewal of licenses**: The Department will notify licensees of an upcoming license renewal at least 30 days prior to the current license expiration date. The

licensee must demonstrate compliance with Department rules . . . When the Department is determining whether to renew a license, it will review the licensee's compliance history. When the Department finds that the licensee is in non-compliance, the Department may either deny the renewal or issue a conditional license instead of full renewal.

. . .

c.      When conditions exist where the violations are not corrected by the Department's deadlines or the licensee repeatedly incurs the same violations after technical assistance and guidance, the Department determines that correction of violations is not likely to be achieved during a conditional license *and/or* there is an immediate threat to public health and safety, then the Department will deny renewal of a license.

. . .

10-144 C.M.R. Ch. 101, § 4(E)(6) (emphasis supplied). The Department argues that Section 4(E)(6)(c) allows the Department to base a decision not to renew a license on any one of the grounds listed. The Department argues it had a basis not to renew the license on all three grounds, but only need to show one to prevail. One of these grounds is that the "licensee repeatedly incurs the same violations after technical assistance and guidance." The Petitioner reads the language in the first paragraph to require that the Department "find the licensee in noncompliance." The Petitioner argues that whatever the licensee's history, as long as the licensee is "currently" in compliance, the Department cannot revoke the license.

When considering the whether there is a strong likelihood of success on the merits, the court looks to the standards that will apply when the court makes its final decision on the appeal. When the court interprets regulations in an administrative appeal, the court will not set aside an agency's interpretation of its own rules "unless the rule plainly compels a contrary result, or the rule interpretation is contrary to the governing statute." *Sager v. Town of Bowdoinham*, 2004 ME 40, ¶ 11, 845 A.2d 6567.

3

Here, the Department's interpretation of the regulation is not unreasonable. It makes sense that the Department would be able to consider a licensee's entire history of noncompliance and the existence of repeated violations after efforts to resolve the issues when determining whether to renew a license. The regulations, read as a whole, do not bind the Department only to consider the licensee's "current" status. The regulations can be read to allow the Department not to renew a license when "the licensee repeatedly incurs the same violations after technical assistance and guidance."

When determining the administrative appeal, the court will also be required to defer to the Department's finding of whether the facts warrant the Department's findings. *Friends of Lincoln Lakes v. Bd. of Envtl. Prot.*, 2010 ME 18, ¶¶ 13-14. Given the deferential standard that the court applies in an administrative appeal, the court cannot say, based on the arguments raised in the Motion to Stay, that there is strong likelihood that the Petitioner will succeed on overturning the Department's determination that the "licensee repeatedly incurs the same violations after technical assistance and guidance." Because that showing is required for the court to enter a stay, the court does not address the remaining arguments.

It is Ordered as follows.

The Petitioner's Motion for Stay is DENIED.

This Order is incorporated on the docket by reference pursuant to M.R.Civ.P. 79(a).

DATE: 1/21/21

Thomas R. McKeon
Justice, Maine Superior Court

4