2010 ME 129

**ELIOT SHORES, LLC, et al.**

v.

**TOWN OF ELIOT et al.**

Supreme Judicial Court of Maine.

Submitted on Briefs: Oct. 21, 2010.

Decided: Dec. 2, 2010.

William H. Dale, Esq., Mark A. Bower, Esq., Jensen Baird Gardner & Henry, Portland, ME, for Eliot Shores, LLC, et al.

Christopher L. Vaniotis, Esq., Philip Saucier, Esq., Bernstein Shur Sawyer & Nelson, Portland, ME, for the Town of Eliot, et al.

Panel: SAUFLEY, C.J., and ALEXANDER, LEVY, MEAD, GORMAN, and JABAR, JJ.

LEVY, J.

[¶ 1] Eliot Shores, LLC, Luis A. Valdez, and Ramona G. Robinson appeal from a judgment of the Superior Court (York County, *Fritzsche, J.*) entered pursuant to M.R. Civ. P. 80B, affirming the decision of the Town of Eliot Board of Zoning Appeals

that upheld a notice of violation (NOV) issued by the Town's Code Enforcement Officer (CEO) finding that Eliot Shores had, without authorization, created a subdivision as defined in 30–A M.R.S. § 4401(4) (2009) and Eliot, Me., Code § 1–2 (June 12, 2010). Because we conclude that the NOV and the Board's decision were advisory in nature and not subject to judicial review, we vacate the judgment of the Superior Court and remand with instructions to dismiss the Rule 80B claim. *See Farrell v. City of Auburn*, 2010 ME 88, 3 A.3d 385.

## I. BACKGROUND

[¶ 2] Eliot Shores purchased 4.68 acres of land in the Town of Eliot on July 19, 2001. After the Town denied permission to subdivide and develop the land, Eliot Shores submitted a plan it referred to as a "Planned Unit Development" in which it proposed to divide the property into two lots: a large lot containing three "dwelling building envelopes," and a one-acre lot marked for conveyance. Eliot Shores's representative met with the CEO to discuss whether the plan required subdivision approval. The CEO approved the plan, expressly noting on the plan that it did not "meet the definition of 'subdivision' pursuant to Title 30–A § 4401[ (4) ] of the Maine Revised Statutes Annotated."

[¶ 3] Eliot Shores nevertheless proceeded to convey four separate lots instead of the two approved lots. Luis A. Valdez and Ramona G. Robinson purchased one of the lots. The Town CEO subsequently determined that the conveyances were not consistent with the previously approved plan and in fact created an unapproved subdivision in violation of the Town's ordinances and State law. The CEO issued an NOV in July 2009 outlining the specific violations and notifying Eliot Shores that unless corrective action was taken, he would "refer this matter to the municipal officers for possible commencement of legal action in the Maine District Court or the Maine Superior Court." The NOV also informed Eliot Shores of its "right to appeal this order to the Eliot Board of Appeals within 30 days of the date of this letter."

[¶ 4] Eliot Shores appealed to the Town's Board of Appeals. After a hearing, the Board upheld the CEO's decision. Eliot Shores, Valdez, and Robinson then filed a Complaint for Review of Governmental Action in the Superior Court pursuant to M.R. Civ. P. 80B. The court affirmed the decision of the Board and this appeal followed.

## II. DISCUSSION

██ [¶ 5] As threshold matters, although not raised by the parties, we address whether the Eliot Board of Appeals had subject matter jurisdiction over this appeal and whether its decision constitutes an advisory ruling that is not subject to judicial review. *Farrell*, 2010 ME 88, ¶ 6, 3 A.3d at 387.[1]

██ [¶ 6] Whether a local board of appeals has jurisdiction "is a question of

---

1. In *Farrell v. City of Auburn*, we stated:
   "[j]urisdictional claims respecting subject matter present overriding issues which courts may examine at any stage of the proceedings, whether at the trial level or on appeal and whether called to the attention of the court or noted by the court on its own motion." *Thomas v. BFC Marine/Bath Fuel Co.*, 2004 ME 27, ¶ 5, 843 A.2d 3, 5 (quoting *Jones v. York*, 444 A.2d 382, 384 (Me.1982)). Whether an appeal is subject to dismissal because the decision appealed from is advisory in nature may likewise be raised by the Court on its own motion. *See Pepperman v. Town of Rangeley*, 659 A.2d 280, 282–83 n. 2 (Me.1995).
   2010 ME 88, ¶ 6, 3 A.3d 385, 387.

law that must be ascertained from an interpretation of statutes and local ordinances...." *Sanborn v. Town of Sebago,* 2007 ME 60, ¶ 6, 924 A.2d 1061, 1063. Municipal boards of appeal may assert jurisdiction only when "the municipality has by charter or ordinance specified the precise subject matter that may be appealed to the board and the official or officials whose action or nonaction may be appealed to the board." 30–A M.R.S. § 2691(4) (2009); *see also* 30–A M.R.S. § 4353(1) (2009).

■ [¶ 7] We therefore examine the Town of Eliot's Ordinance to determine whether it grants the Board of Appeals jurisdiction in this matter. The relevant provision of the Ordinance provides:

> (a) *Administrative appeals.* The board of appeals shall hear and decide where an aggrieved person or party alleges error in any permit, order, requirement, determination, or other action by the planning board or code enforcement officer. The board of appeals may modify or reverse action of the planning board or code enforcement officer by a concurring vote of at least three members, only upon a finding that the decision is clearly contrary to specific provisions of this chapter.

Eliot, Me., Code § 45–49 (June 12, 2010). Because the Board of Appeals has jurisdiction to review "any ... determination ... by the ... code enforcement officer," it had jurisdiction to render a decision in this case. We proceed to examine whether the Board of Appeals's decision is subject to judicial review.

■ [¶ 8] "Judicial review pursuant to Rule 80B of a municipal board's review of the issuance of an NOV is not appropriate when the decision of the municipal board being appealed has no legal consequences for the parties; that is, when it is merely advisory in nature." *Farrell,* 2010 ME 88, ¶ 8, 3 A.3d at 388; *see also Herrle v. Town of Waterboro,* 2001 ME 1, ¶¶ 8–12, 763 A.2d 1159, 1160–62; *Pepperman v. Town of Rangeley,* 659 A.2d 280, 283 (Me.1995).

[¶ 9] In *Farrell,* after first determining that the Auburn Board of Appeals had jurisdiction only to the extent that it could provide an interpretation of the city ordinance, we concluded that the appeal was merely advisory and not subject to judicial review because the decision being appealed had no legal consequences for the parties. 2010 ME 88, ¶ 17, 3 A.3d at 390. We reasoned:

> [T]o the extent that the Board's decision can be treated as providing an interpretation of provisions of the zoning ordinance, the only legal significance of that decision is to provide an advisory opinion on the issue of whether the CEO's violation determination was correct. The Board's decision is advisory in nature because the CEO retains the discretion to decide whether or not to initiate an enforcement action. If an enforcement action is taken, under Auburn's Ordinance any appellate review lies with the courts, not with the Board.

*Id.*

[¶ 10] In this case, the only legal significance of the Town of Eliot Board of Appeals's decision is to provide an advisory opinion as to whether the CEO's violation determination was correct. Under the Town's Ordinance, the CEO's issuance of an NOV is a preliminary step that can lead to a decision by the Board of Selectmen to initiate an enforcement action.[2] The rec-

---

2. The Town of Eliot's Ordinance provides:
   It shall be the duty of the code enforcement officer to take any appropriate action to prevent any unlawful use or development of any land, building or structure in violation of this chapter. It shall be the duty of

ord indicates that the Board of Selectmen has not considered whether to enforce the CEO's decision. Because the NOV is a preliminary step in the enforcement process, and the CEO retains the discretion to refer the matter to the Board of Selectmen to initiate enforcement proceedings against Eliot Shores, the decisions of the Board of Appeals and the CEO are advisory in nature.

The entry is:

Judgment vacated. Case remanded to the Superior Court with direction to dismiss the appeal from the decision of the Eliot Board of Appeals.

the board of selectmen upon complaint of the code enforcement officer to institute abatement, injunction or other appropriate proceedings at law or in equity to restrain, prevent, enjoin, abate, collect or remove such violations; provided, however, that the remedies provided herein shall be cumulative and not exclusive, and shall be in addition to any other remedies provided by law.

Eliot, Me., Code § 45–102(a) (June 12, 2010).