MAINE SUPREME JUDICIAL COURT                          Reporter of Decisions
Decision:      2015 ME 54
Docket:        Oxf-14-306
Argued:        April 7, 2015
Decided:       May 7, 2015

Panel:         SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, and HJELM, JJ.

DONALD R. PARADIS

v.

TOWN OF PERU

GORMAN, J.

[¶1]   Donald R. Paradis appeals from a judgment of the Superior Court (Oxford County, *Clifford, J.*) affirming, pursuant to M.R. Civ. P. 80B, a decision of the Town of Peru Board of Appeals on Paradis's appeal of a notice of violation issued by the Town's Code Enforcement Officer (CEO) concerning Paradis's construction of a two-car garage.   Because the notice of violation was not an appealable decision, we vacate the judgment.

## I.  BACKGROUND

[¶2]  In 2010, Donald Paradis[1] applied for and obtained a building permit to construct a two-car garage on a parcel of property in the Town of Peru.[2]   On

---

[1]  The lot is owned by Donald Paradis and his brother, William Paradis.  Because only Donald pursues this appeal, any further references to "Paradis" regard Donald alone.

2

August 1, 2013, the Town sent Paradis a notice of violation stating that "[a]fter careful consideration amongst the Planning Board, the Board of Selectmen, and the Code Enforcement Officer of Peru," the Town had determined that the garage constructed in 2010 violated multiple Ordinance provisions. The Town "request[ed]" that Paradis take various actions to bring the property into compliance with the Ordinance, including removing certain plumbing fixtures, or else face legal action from the Town. Like the building permit, the notice had three signatories: the chair of the Planning Board, the CEO, and the chair of the Board of Selectmen.

[¶3] Paradis filed an appeal with the Board of Appeals (the Board). After conducting a hearing at which new evidence was taken, by decision dated October 31, 2013, the Board "conclude[d] that the Code Enforcement Officer and

---

2 The precise nature of the permit sought, the requirements necessary to obtain it, and the basis on which the permit was approved are not clear in the record because neither the application nor the permit itself contains any citation to which ordinance provisions Paradis was required to satisfy. *See* 1 M.R.S. § 407(1) (2014) (requiring agencies and municipalities to set forth minimum written findings of fact "sufficient to [apprise] the applicant and any interested member of the public of the basis for the decision"); *Bodack v. Town of Ogunquit*, 2006 ME 127, ¶ 14, 909 A.2d 620; *Christian Fellowship & Renewal Ctr. v. Town of Limington*, 2001 ME 16, ¶ 15, 769 A.2d 834. In addition, because the permit was signed by the Town's CEO, Planning Board chair, and Board of Selectmen vice-chair, it is unclear which person or entity was responsible for—and did—actually issue the permit. Because no appeal was taken of the building permit itself, however, none of these deficiencies is before us in this appeal.

We also assume, without deciding, that the only ordinance the parties have provided in this appeal, the Shoreland Zoning Ordinance, is the Ordinance that applies to this matter. *See* Peru, Me., Shoreland Zoning Ordinance (June 9, 2009); *Tenney v. Benson*, 1999 ME 177, ¶ 1, 741 A.2d 455 (stating that the appellant "has the burden of providing us with a sufficient record that allows adequate consideration of his arguments").

the Planning Board properly applied the [Ordinance] provisions" and "voted . . . to deny [the] appeal." The Board declined Paradis's request for reconsideration.

[¶4] On December 11, 2013, Paradis filed a complaint with the Superior Court seeking review of the Board's decision pursuant to M.R. Civ. P. 80B. The Superior Court affirmed the judgment, and Paradis then appealed to us.

## II. DISCUSSION

[¶5] Paradis challenges the Board's provision of notice of the hearings, the standard of proof imposed on him by the Board, the determination that his garage violated Ordinance provisions, and the Town's requirement that he remove certain plumbing fixtures from the garage. Because we conclude that the notice of violation was not an appealable decision, we do not reach the merits of the appeal.

[¶6] The parties agree that the August 1, 2013, notice to Paradis was a notice of violation.[3] The Town's Ordinance, however, expressly precludes any appeal of a notice of violation: "Any order, requirement, decision or determination

---

[3] Notwithstanding the input from or accompanying signatures of the Planning Board and Board of Selectmen on the notice of violation, the Town's Ordinance places the role of land use enforcement squarely in the hands of the CEO alone:

> It shall be the duty of the Code Enforcement Officer to enforce the provisions of this Ordinance. If the Code Enforcement Officer shall find that any provision of this Ordinance is being violated, he or she shall notify in writing the person responsible for such violation, indicating the nature of the violation and ordering the action necessary to correct it, including discontinuance of illegal use of land, buildings or structures, or work being done, removal of illegal buildings or structures, and abatement of nuisance conditions. A copy of such notices shall be submitted to the municipal officers and be maintained as a permanent record.

Peru, Me., Shoreland Zoning Ordinance § 16(I)(2)(a) (June 9, 2009).

made, or failure to act, in the enforcement of this ordinance is not appealable to the Board of Appeals." Peru, Me., Shoreland Zoning Ordinance § 16(H)(1)(a) (June 9, 2009). Likewise, the Ordinance provision regarding the manner of taking an appeal states that "[a]n administrative or variance appeal may be taken to the Board of Appeals by an aggrieved party from any decision of the Code Enforcement Officer or the Planning Board, except for enforcement-related matters as described in Section 16(H)(1)(a) above." Peru, Me., Shoreland Zoning Ordinance § 16(H)(4)(a)(i) (June 9, 2009). No Ordinance section provides for any other municipal means of challenging a CEO's enforcement decision.

[¶7] Until very recently, appeals of notices of violation were not justiciable because a notice merely provided an interpretation of an ordinance; unless and until a municipality acted to enforce the decision in some meaningful way, appeals from notices of violation were "dismissed as calling for an advisory opinion." *Dubois Livestock, Inc. v. Town of Arundel*, 2014 ME 122, ¶ 9, 103 A.3d 556; *see Eliot Shores, LLC v. Town of Eliot*, 2010 ME 129, ¶¶ 5-10, 9 A.3d 806; *Farrell v. City of Auburn*, 2010 ME 88, ¶¶ 6-18, 3 A.3d 385. In 2013, however, the Maine Legislature enacted a statutory amendment providing for board of appeals and Superior Court review of municipal notices of violation:

> Absent an express provision in a charter or ordinance that certain decisions of its code enforcement officer or board of appeals are only advisory or may not be appealed, a notice of violation or an

> enforcement order by a code enforcement officer under a land use ordinance is reviewable on appeal by the board of appeals and in turn by the Superior Court under the Maine Rules of Civil Procedure, Rule 80B.

P.L. 2013, ch. 144, § 1 (effective Oct. 9, 2013) (codified at 30-A M.R.S. § 2691(4) (2014)). Notices of violation, therefore, have been generally appealable since October of 2013. Nevertheless, because the notice of violation at issue here was sent before the effective date of section 2691(4), and because the Town's Ordinance expressly states that no appeal from a notice of violation may be taken, section 2691(4) by its express terms does not provide Paradis with a right to appeal.[4] *See* Peru, Me., Shoreland Zoning Ordinance § 16(H)(1)(a); *cf. Dubois Livestock, Inc.*, 2014 ME 122, ¶ 11, 103 A.3d 556 (considering the appeal of a notice of violation in the absence of an express provision in the municipality's ordinance prohibiting it).

---

[4] Nor does the United States Supreme Court's holding in *Sackett v. Environmental Protection Agency*, 132 S. Ct. 1367 (2012), require us to afford Paradis a right of appeal. In that case, the Sacketts challenged a compliance order issued by the Environmental Protection Agency finding that they had discharged pollutants into federal waters and ordering them to restore the site and to allow the EPA access to their property and their records pertaining to the site. *Id*. at 1370-71. On appeal, the Supreme Court concluded that the compliance order was an appealable final agency action. *Id*. at 1374.

Notices of violation have many of the same attributes as the compliance order at issue in *Sackett*, but the Supreme Court based its analysis on its interpretation of two federal statutes, noting that those statutes did not expressly preclude judicial review of compliance orders. *Id*. at 1372-74. Here, in contrast, neither of those federal statutes is at issue and the Town's Ordinance expressly precludes appellate review of notices of violation. Further, although we apply Supreme Court analyses to matters of procedural due process pursuant to the Fourteenth Amendment, *Merrill v. Me. Pub. Emps. Ret. Sys.*, 2014 ME 100, ¶ 21, 98 A.3d 211, the Supreme Court did not frame the issue in *Sackett* as one of due process, but rather the exhaustion of administrative remedies required by the federal statutes. *Sackett*, 132 S. Ct. at 1372.

[¶8] We conclude that the Board of Appeals lacked jurisdiction to consider Paradis's appeal, which in turn deprived the Superior Court of jurisdiction to consider it, and further precludes our review of the merits of the matter.[5] *See Hopkinson v. Town of China*, 615 A.2d 1166, 1167 (Me. 1992) ("Administrative bodies such as the board are statutory in nature and can only have such powers as those expressly conferred on them by the Legislature, or such as arise therefrom by necessary implication to allow carrying out the powers accorded to them.").

The entry is:

> Judgment of the Superior Court vacated and remanded with instructions to enter an order vacating the decision of the Town of Peru Board of Appeals for lack of jurisdiction.

---

[5] In addition, the Board appears to have both undertaken a de novo review by accepting new evidence and testimony during its public hearings, and completed an appellate review by upholding the decision of the CEO. We note that this type of "amalgamated process" of accepting evidence while also purporting to reach a decision as an appellate body violates both our prior decisions and the Town's own Ordinance. *Stewart v. Town of Sedgwick*, 2000 ME 157, ¶¶ 5, 7, 15, 757 A.2d 773; *see* Peru, Me., Shoreland Zoning Ordinance § 16(H)(1)(a) (June 9, 2009); *Gensheimer v. Town of Phippsburg*, 2005 ME 22, ¶ 7, 868 A.2d 161. Thus, even if we were to conclude that the notice of violation is an appealable decision, we nevertheless would vacate the judgment of the Board for failing to consider the matter on a de novo basis and for failing to provide sufficient findings to allow for appellate review.

At argument, the Town's counsel was forced to admit that there had been many procedural errors committed by the Town. As we have emphasized in the past, such errors not only cause delays in the resolution of such matters, but also cost the parties—and the taxpayers—additional funds. *See Hartwell v. Town of Ogunquit*, 2015 ME 51, ¶¶ 2, 9-14, --- A.3d --- (discussing municipalities' failure to observe their own ordinance requirements); *Beckford v. Town of Clifton*, 2014 ME 156, ¶ 25 n.6, 107 A.3d 1124 (Saufley, C.J., concurring) (noting the consequences on appeal of ambiguities in a municipality's decision).

**On the briefs and at oral argument:**

Jennifer F. Kreckel, Esq., Kreckel Law, P.A., Rumford, for appellant Donald Paradis

Theodore Small, Esq., Isaacson & Raymond, P.A., Lewison, for appellee Town of Peru

Oxford County Superior Court docket number AP-2013-07
FOR CLERK REFERENCE ONLY