STATE OF MAINE
CUMBERLAND, ss

CHRISTOPHER A. BOND,

Plaintiff

v.

TOWN OF WINDHAM,

Defendant

SUPERIOR COURT
CIVIL ACTION
Docket No. AP-15-031

ORDER ON MOTION TO DISMISS

STATE OF MAINE
Cumberland ss Clerk's Office

JAN 0 5 2016

RECEIVED

Before the court is defendant Town of Windham's motion to dismiss plaintiff Christopher Bond's Rule 80B appeal challenging a notice of violation he received from the Town of Windham's Code Enforcement Officer. For the following reasons, the motion to dismiss is granted.

## FACTS

Christopher Bond owns a 75-foot wide by 100-foot deep parcel located at 63 Libby Hill Road in Windham, Maine (Bond parcel). (Compl. ¶ 3.) The Bond parcel abuts Little Duck Pond and is located within the Limited Residential Shoreland Zone. (Id. ¶ 4.) This zone has a setback requirement of 100 feet. (Id. ¶ 5.) Because the Bond parcel is only 100 feet deep, no structure could be constructed without a variance. (Id.) As a result, plaintiff petitioned the Zoning Board of Appeals (Board) for a variance that would allow him to construct a 16-foot by 20-foot structure, half of which is an open platform and half of which is an enclosed shed. (Id. ¶¶ 6, 11.)

After hearing and a revised application and site plan, the Board granted a variance for this structure on January 3, 2013. (Id. ¶¶ 7-12; Pl.'s Ex. B.) The variance describes the structure as a "combined camping platform/canoe storage structure" and includes several conditions, including that plaintiff not make any changes to his revised

1

application without Board approval. (Compl. ¶¶ 12, 15-18; Pl.'s Ex. B.) Plaintiff subsequently applied for a building permit, which the Code Enforcement Officer (CEO) approved. (Compl. ¶¶ 20, 22; Pl.'s Exs. C, E.) The structure was built and a woodstove was installed in the shed. (Compl. ¶ 23.)

On May 8, 2015, the CEO inspected the Bond parcel in response to a complaint by a neighbor. (Id. ¶ 24.) The CEO issued a notice of violation because he determined that the woodstove impermissibly converted the structure to a cabin. (Id.; Pl.'s Ex. F.) Plaintiff appealed the notice of violation to the Board on June 4, 2015. (Compl. ¶ 25; Pl.'s Ex. G.) On June 25, 2015, the Board denied plaintiff's appeal because it determined that the variance permitted only storage uses in the shed and only camping uses on the platform. (Compl. ¶¶ 30, 32; Pl.'s Ex. H.) The woodstove therefore violated the variance because it was located in the shed and was not a storage use. (Compl. ¶ 32; Pl.'s Ex. H.)

## PROCEDURAL HISTORY

Plaintiff filed his Rule 80B appeal on August 6, 2015. Defendant filed its motion to dismiss on October 7, 2015 pursuant to M.R. Civ. P. 12(b)(1). Plaintiff filed an opposition to defendant's motion on October 14, 2015. Plaintiff filed his Rule 80B brief on October 15, 2015. Defendant filed a reply to plaintiff's opposition on October 16, 2015. Defendant filed its Rule 80B brief on November 13, 2015. Plaintiff filed his reply brief on November 24, 2015.

## DISCUSSION

### 1. Standard of Review

A motion to dismiss pursuant to M.R. Civ. P. 12(b)(1) challenges the court's subject matter jurisdiction. M.R. Civ. P. 12(b)(1). "When a court's jurisdiction is challenged, the plaintiff bears the initial burden of establishing that jurisdiction is proper." Commerce Bank & Trust Co. v. Dworman, 2004 ME 142, ¶ 8, 861 A.2d 662. The

2

court makes no favorable inferences in favor of the plaintiff, as it does when reviewing a motion to dismiss for failure to state a claim. Tomer v. Me. Human Rights Comm'n, 2008 ME 190, ¶ 9, 962 A.2d 335. The court may rely on material outside the pleadings without converting the motion to a motion for summary judgment. Gutierrez v. Gutierrez, 2007 ME 59, ¶ 10, 921 A.2d 153.

2.  Jurisdiction over Notice of Violation Appeal

Defendant argues that the court lacks subject matter jurisdiction over plaintiff's appeal because notices of violation are not appealable. (Def.'s Mot. Dismiss 1-4.) Maine's statute governing boards of appeal provides in part:

> Absent an express provision in a charter or ordinance that certain decisions of its code enforcement officer or board of appeals are only advisory or may not be appealed, a notice of violation or an enforcement order by a code enforcement officer under a land use ordinance is reviewable on appeal by the board of appeals and in turn by the Superior Court under the Maine Rules of Civil Procedure, Rule 80B.

30-A M.R.S. § 2691(4) (2014). In Paradis v. Town of Peru, the Law Court held that notices of violation are not appealable under the Town of Peru's ordinance. 2015 ME 54, ¶¶ 7-8, 115 A.3d 610. In Paradis, the petitioner appealed a notice of violation to Peru's Board of Appeals. Id. ¶¶ 2-3. The Board denied his appeal, and the petitioner appealed to the Superior Court, which affirmed the Board's denial. Id. ¶¶ 3-4. The Law Court held that the trial court lacked jurisdiction because the Board had lacked jurisdiction to consider the appeal. Id. ¶ 8. The Law Court based this conclusion, in part, on section

---

[1] The Law Court also based its conclusion on the fact that the notice of violation in Paradis was sent before 30-A M.R.S. § 2691(4) as it currently reads went into effect. Paradis, 2015 ME 54, ¶ 7, 115 A.3d 610. At the time the notice in Paradis was sent, notices of violation were not appealable because the legislature had not yet amended 30-A M.R.S. § 2691(4) to make them appealable unless a town provided otherwise. Id. Although the amendment to 30-A M.R.S. § 2691(4) was in effect at the time the notice of violation was sent in this case, that difference does not change the result because Paradis still holds that a court does not have jurisdiction when the ordinance contains a prohibition on appeals of enforcement matters, as defendant's ordinance does here.

16(H)(1)(a) of Peru's ordinance, which, the Law Court determined, prohibited appeals of notices of violation. Id. ¶ 6. That section grants the Board jurisdiction:

> [T]o hear and decide administrative appeals on a de novo basis where it is alleged by an aggrieved party that there is an error in any order, requirement, decision or determination made by, or failure to act by, the Code Enforcement Officer in his or her review of and action on a permit application under this Ordinance. Any order, requirement, decision or determination made, or failure to act, in the enforcement of this ordinance is not appealable to the Board of Appeals.

Id. ¶¶ 6-7; Peru, Me., Shoreland Zoning Ordinance § 16(H)(1)(a) (June 9, 2009).

The result in this case must be the same because defendant's ordinance contains an identical provision. Section 199-16(I)(2)(a) grants the Board jurisdiction:

> [T]o hear and decide administrative appeals on a de novo basis where it is alleged by an aggrieved party that there is an error in any order, requirement, decision or determination made by, or failure to act by, the Code Enforcement Officer in his or her review of and action on a permit application under this Ordinance. Any order, requirement, decision or determination made, or failure to act, in the enforcement of this ordinance is not appealable to the Board of Appeals.

Windham, Me., Shoreland Zoning Ordinance § 199-16(I)(2)(a) (July 9, 2009).

Further, both ordinances include a separate provision reiterating that enforcement matters are not appealable. See Peru, Me., Shoreland Zoning Ordinance § 16(H)(4)(a)(i) (June 9, 2009) ("An administrative or variance appeal may be taken to the Board of Appeals by an aggrieved party from any decision of the Code Enforcement Officer or the Planning Board, except for enforcement-related matters as described in Section 16(H)(1)(a) above."); Windham, Me., Shoreland Zoning Ordinance § 199-16(N)(4)(a) (July 9, 2009) ("An appeal of a decision made by the Code Enforcement Officer, except for enforcement-related matters as described in Section 16(I)(2)(b) [sic] above, must be filed within thirty (30) days of the date of the official written decision.").

Plaintiff argues that the Law Court in Paradis found that the Town of Peru's prohibition on appeals expressly includes notices of violation, whereas the defendant's

4

ordinance does not. (Pl.'s Reply 2-3.) The Law Court cites to section 16(H)(1)(a) to support its conclusion that the Town of Peru's prohibition on appeals expressly includes notices of violation. Paradis, 2015 ME 54, ¶¶ 6-7, 115 A.3d 610. Because that section is identical to section 199-16(I)(2)(a) in defendant's ordinance, this court concludes that section 199-16(I)(2)(a) also includes notices of violation. Moreover, both ordinances provide that notices of violation come under the CEO's enforcement powers. See Peru, Me., Shoreland Zoning Ordinance § 16(I)(2)(a) (June 9, 2009) ("It shall be the duty of the Code Enforcement Officer to enforce the provisions of this Ordinance. If the Code Enforcement Officer shall find that any provision of this Ordinance is being violated, he or she shall notify in writing the person responsible for such violation . . . ."); Windham, Me., Shoreland Zoning Ordinance § 199-16(O)(2)(a) (July 9, 2009) ("It shall be the duty of the Code Enforcement Officer to enforce the provisions of this Ordinance. If the Code Enforcement Officer shall find that any provisions of this Ordinance is being violated, he or she shall notify in writing the person responsible for such violation . . . ."). Therefore, section 199-16(I)(2)(a) also includes notices of violation, and Paradis is not distinguishable on this ground.

Plaintiff also argues that section 199-16(I)(2)(a) does not apply because that section applies only to the CEO's "review of and action on a permit application[.]" (Pl.'s Reply 2.) However, the inclusion of that phrase does not mean that the entire section relates only to permit applications. Indeed, the language in the last sentence of that section makes clear that the prohibition on appeals of enforcement matters applies to the entire ordinance, not just to permit applications. See Windham, Me., Shoreland Zoning Ordinance § 199-16(I)(2)(a) (July 9, 2009) ("Any order, requirement, decision or determination made, or failure to act, in the enforcement of this ordinance is not appealable to the Board of Appeals.") (emphasis added). Moreover, the Town of Peru's

5

ordinance contained the same phrase, and yet the Law Court did not construe the entire section as applying only to permit applications. Paradis, 2015 ME 54, ¶¶ 6-7, 115 A.3d 610; Peru, Me., Shoreland Zoning Ordinance § 16(H)(1)(a) (June 9, 2009). Paradis controls the result in this case because defendant's ordinance is not distinguishable from the Town of Peru's ordinance.

CONCLUSION

Section 199-16(I)(2)(a) of defendant's ordinance renders notices of violation not appealable. This court lacks jurisdiction over plaintiff's appeal.

The entry is

Defendant Town of Windham's Motion to Dismiss is GRANTED.

Dated: January 4, 2016

Nancy Mills
Justice, Superior Court