STATE OF MAINE                                    SUPERIOR COURT
CUMBERLAND, SS.                                   CIVIL ACTION
                                                  DOCKET NO. CUMSC-AP-16-16

BENSON BOWDITCH and                        )
CATHERINE BOWDITCH,                        )
                                           )
          Plaintiffs,                      )
                                           )
     v.                                    )
                                           )
TOWN OF SEBAGO, STEPHEN                    )
GIRARDIN, and TAMMY GIRARDIN,             )
                                           )
          Defendants.                      )

## DECISION AND JUDGMENT ON RULE 80B APPEAL

Plaintiffs Benson and Catherine Bowditch appeal from a decision by the Town of Sebago

Board of Appeals pursuant to Maine Rule of Civil Procedure 80B. In the interest of avoiding a

delay of what will be at least weeks and could be months associated with scheduling oral

argument, the court elects to decide the appeal without oral argument. *See* M.R. Civ. 80B(l)

(oral argument to be scheduled "[u]nless the court otherwise directs." *Cf. Lindemann v.*

*Comm'n on Governmental Ethics & Election Practices*, 2008 ME 187, ¶26, 961 A.2d 538 (Rule 80C

permits court to direct that oral argument not be scheduled).[1]

Based on the following analysis, Plaintiffs Benson and Catherine Bowditch's Rule 80B

appeal is dismissed.

### I. Background

Plaintiffs Benson and Catherine Bowditch are the owners of property located at 186

Northwest River Road in Sebago, Maine. (R. Tab 2, 1.) Defendants Stephen and Tammy

---

[1] The clerk did contact counsel and the Girardins, who are *pro se*, regarding scheduling oral argument on a date in September, but was not successful in actually setting a date.

1

Girardin are owners of nearby property located at 20 Stormy Brooke Lane in Sebago, Maine. (*Id.*) The Girardins' property is located in the Town's Village District. (R. Tab 1, 1-3.)

On October 6, 2015, Mr. Bowditch appeared on behalf of himself and his wife before the Town of Sebago's Board of Selectmen (the "BOS") to complain about the pigs and other animals on the Girardin property, specifically contending that a foul odor emanating from the Girardin property was interfering with the Bowditches' use and enjoyment of their property. (R. Tab 1, 3; R. Tab 5, 9.) According to the administrative record, the Girardins have kept on their property one adult boar pig, two sows, one bull calf, some chickens, two emus, and at one time, five piglets. (R. Tab 3, 6.)

Mr. Bowditch asserted that, by keeping these animals on their property, the Girardins were in violation of section 4.F of the Town's Land Use Ordinance and requested that the BOS initiate enforcement of its Ordinances against the Girardins. (R. Tab 1, 3.) Section 4.F of the Ordinance requires property owners in the Town's Village District to obtain a Planning Board permit in order to conduct agriculture on their property. Sebago, Me. Land Use Ordinance § 4.F (May 15, 2016).

Mr. Bowditch asserted that the animals on the Girardin property constituted "agriculture" within the meaning of the Ordinance, and that the Town code enforcement officer ("CEO") should cite the Girardins for violating the Ordinance by failing to have a permit. (R. Tab 1, 3.)

Section 6.J.2 of the Town's Ordinance provides, in relevant part:

It shall be the duty of the Code Enforcement Officer to enforce the provisions of this Ordinance. If the Code Enforcement Officer shall find that any provision of this Ordinance is being violated, he/she **shall notify in writing the person responsible for such violation,** indicating the nature of the violation and ordering the action necessary to correct the violation, including discontinuance of illegal use of land, buildings, structures, and abatement of nuisance conditions.

Sebago, Me. Land Use Ordinance § 6.J.2 (May 15, 2016) (emphasis supplied).

The Town's CEO reviewed Mr. Bowditch's claim that the Girardins were violating the Ordinance, and ruled that the Girardins' use of their property did not violate the Ordinance because their use was not "commercial" and, therefore, did not constitute "agriculture" under the Ordinance. (*Id.*) Accordingly, the CEO did not issue any notice of violation.

Plaintiffs appealed the CEO's determination to the Town's Board of Appeals (the "BOA") on November 4, 2015. (*Id.* at 1-5.) A public hearing on Plaintiffs' appeal was held on February 17, 2016. (R. Tab 3, 1.) The CEO, as well as Mr. Bowditch and other members of the public, testified at the public hearing. (*Id.* at 3.) The BOA issued a written Notice of Administrative Appeal Decision, which included both findings of fact and conclusions, on February 25, 2016. (R. Tab 2, 1-2.) The BOA concluded that Girardins' keeping of animals on their property did not constitute "agriculture" under the Ordinance because their activities did not involve the sale or lease of livestock or produce. (*Id.* at 2.) The BOA affirmed the CEO's determination that no violation of the Ordinance had occurred. (*Id.*)

Plaintiffs filed their Rule 80B appeal with this court on April 1, 2016. Plaintiffs filed their brief and the administrative record on May 18, 2016. The Town filed a motion to dismiss pursuant to Maine Rule of Civil Procedure 12(b)(1) and a responsive brief on June 24, 2016. Plaintiffs filed a reply brief on July 8, 2016. The Girardins did not file a brief with the court.

## II. Analysis

### A. Standards of Review

As a threshold matter, the Town asserts that Plaintiffs' Rule 80B appeal must be dismissed pursuant to M.R. Civ. P. 12(b)(1) for lack of jurisdiction. (Def. Br. 4.) A motion to dismiss pursuant to Rule 12(b)(1) challenges the court's subject matter jurisdiction. M.R. Civ. P. 12(b)(1). "When a court's jurisdiction is challenged, the plaintiff bears the initial burden of establishing that jurisdiction is proper." *Commerce Bank & Trust Co. v. Dworman,* 2004 ME 142,

3

¶ 8, 861 A.2d 662. The court makes no favorable inferences in favor of the plaintiff. *Persson v. Dep't of Human Servs.*, 2001 ME 124, ¶ 8, 775 A.2d 363.

If the court has jurisdiction over a Rule 80B appeal, then the court reviews the operative decision of the municipality "for abuse of discretion, errors of law, or findings not supported by the substantial evidence in the record." *Wyman v. Town of Phippsburg*, 2009 ME 77, ¶ 8, 976 A.2d 985 (internal quotation marks and citation omitted). The party seeking to vacate the municipal agency's decision bears the burden of persuasion on appeal. *Bizier v. Town of Turner*, 2011 ME 116, ¶ 8, 32 A.3d 1048.

The interpretation of local ordinances is a question of law that the court reviews *de novo*. *Rudolph v. Golick*, 2010 ME 106, ¶ 8, 8 A.3d 684. The court examines ordinances for their plain meaning and construes the terms of ordinances "reasonably in light of the purposes and objectives of the ordinance and its general structure." *Id.* ¶ 9. If the ordinance defines a term specifically, the court will not redefine a term. *Id.* Although the court must give terms their plain and ordinary meaning, the court will not construe an ordinance "to create absurd, inconsistent, unreasonable, or illogical results." *Duffy v. Town of Berwick*, 2013 ME 105, ¶ 23, 82 A.3d 148 (internal quotation marks and citation omitted). "[L]ocal characterizations or fact-findings as to what meets ordinance standards will be accorded 'substantial deference.'" *Rudolph*, 2010 ME 106, ¶ 8, 8 A.3d 684 (citation omitted).

B.    Justiciability Issues

The Town asserts that this court lacks jurisdiction to review the BOA's decision pursuant to Rule 80B because the BOA's decision was purely advisory. (Def. Br. 4.) On the face of the Ordinance, the BOA did have jurisdiction to review the CEO's determination of no

4

violation and failure to issue a notice of violation. As permitted by statute,[2] Section 6.K.1 of the Town's Land Use Ordinance sets forth the BOA's jurisdiction.

Section 6.K.1 provides:

The Board of Appeals shall hear and decide appeals where it is alleged that there is any error in any order, requirement, decision, or determination made by, or failure to act by, the Code Enforcement Officer or the Planning Board in the administration of this Ordinance. When errors of administration procedures or interpretation are found, the case shall be remanded to the Code Enforcement Officer or Planning Board for correction.

Sebago, Me. Land Use Ordinance § 6.K.1 (May 15, 2016).

The Town asserts that the BOA lacked jurisdiction to review the CEO's decision. (Def. Br. at 5 & n.2 ("Plaintiffs have cited to no record evidence that the CEO in this case issued an order, decision or determination from which an appeal to the BOA could be taken in the first place.")) Noting that the Ordinance specifically confers jurisdiction on the BOA to hear an appeal from any determination or failure to act on the part of the CEO, Plaintiffs contend that this case involves both a reviewable determination and a reviewable failure to act.

The court agrees with the Plaintiffs that the BOA did have jurisdiction over the Bowditch's appeal to the BOA, but whether this court has jurisdiction to review the BOA decision raises a different question. *See Shores v. Town of Eliot*, 2010 ME 129, ¶ 7, 9 A.3d 806, (concluding that the municipal board had jurisdiction to review a determination of the code enforcement officer, but that the court lacked jurisdiction to review the board's decision), *superseded by* 30-A M.R.S. § 2691(4) (2015).

_____

[2] Title 30-A, Section 2691(4) provides, in relevant part:

Any municipality establishing a board of appeals may give the board the power to hear any appeal by any person, affected directly or indirectly, from any decision, order, regulation or failure to act of any officer, board, agency or other body when an appeal is necessary, proper or required.

30-A M.R.S. § 2691(4).

The Town cites *Herrle v. Town of Waterboro* in support of its assertion that this court lacks jurisdiction to review the BOA decision upholding the CEO's determination of no violation. (Def. Br. 6-7.) In *Herrle*, the plaintiffs requested the town initiate an enforcement action against a neighbor for operating a gravel pit without town approval. *Herrle v. Town of Waterboro*, 2001 ME 1, ¶ 2, 763 A.2d 1159. The town's board of selectmen declined to take enforcement action because they concluded that the gravel pit was grandfathered. *Id.* The plaintiffs appealed the decision to the town's zoning board of appeals. *Id.* ¶ 3. The town's ordinance authorized general appeals to the board of appeals, stating:

> Interpretations of words, phrases, or specific provisions of this ordinance leading to the grant or denial of a necessary permit, the approval of [sic] disapproval of any proposal, or any other action or refusal to act by the Code Enforcement Officer, the Planning Board, or the Selectmen of the town may be appealed to the Zoning Board of Appeals...

*Id.* ¶ 9 n.2. After reconsideration, the board of appeals concluded the gravel pit was grandfathered and affirmed the board of selectmen's determination. *Id.* ¶ 4. The trial court reversed the board of appeals' decision because it found that the board of appeals had committed an error of law in its determination on reconsideration. *Id.* ¶ 5.

The Law Court held that the trial court lacked jurisdiction to review the decision of the board of appeals. *Id.* ¶ 12. The Law Court's decision was based on two separate grounds. First, Law Court found that, although the ordinance authorized appeals of board of selectmen decisions, the board of appeals' decision was advisory and not subject to judicial review because the board of selectmen still retained discretion over whether to not to institute an enforcement action. *Id.* ¶ 9. The Law Court stated:

> The only legal significance of the Superior Court's decision, therefore, was to provide a declaratory judgment on the issue of whether that violation determination was correct. Even if we were to affirm the Superior Court's decision finding error in the [board of appeals'] legal analysis, the Board of Selectmen could still decide in their discretion not to bring an enforcement action..."

6

*Id.* ¶ 10. Second, the Law Court found that neighboring property owners lacked standing to initiate enforcement proceedings against the property owner for violations of the ordinance, because, according to the statute, "all proceedings arising under locally administered laws and ordinances shall be brought in the name of the municipality." *Id.* ¶ 11 (quoting 30-A M.R.S.A. § 4452(4)).

The Law Court has since clarified that *Herrle* stands for the general proposition that "courts lack jurisdiction to engage in appellate review of the exercise of prosecutorial discretion by municipalities" and that its holding "precludes the court's intrusion into municipal decision-making when a municipality decides whether **or not** to undertake an enforcement action." *Salisbury*, 2002 ME 13, ¶¶ 10-11, 788 A.2d 598 (emphasis in original).

The Town asserts that the BOA's decision in this case is effectively the same as the board of appeals' determination in *Herrle*. (Def. Br. 7.) The Town argues that, even if this court were to find the BOA's decision to be in error, the court's decision would not have any legal effect because the BOS still retains the discretion to decide whether or not to initiate enforcement. (*Id.*) Thus, according to the Town, both the BOA and this court lack jurisdiction to review the CEO's determination of no violation. (*Id.* at 5-7.)

In their reply brief, Plaintiffs assert that the Town's reliance on *Herrle* is misplaced because *Herrle* has been partially overruled by *Dubois Livestock, Inc. v. Town of Arundel*, 2014 ME 122, ¶ 6, 103 A.3d 556, and recent amendments to 30-A M.R.S. § 2691(4). (Pl. Reply Br. 2.)

In 2013, the Maine Legislature amended section 2691(4) by adding language stating:

Absent an express provision in a charter or ordinance that certain decisions of its code enforcement officer or board of appeals are only advisory or may not be appealed, **a notice of violation or an enforcement order by a code enforcement officer under a land use ordinance is reviewable** on appeal by

the board of appeals and in turn by the Superior Court under the Maine Rules of Civil Procedure, Rule 80B.

30-A M.R.S. § 2691(4) (2015) (emphasis supplied). The Ordinance in this case does not contain any express provision making notices of violations non-reviewable; in fact, as noted above, it grants jurisdiction on the BOA to review any determination of the COA, presumably including notices of violation.

In the *Dubois* case, the code enforcement officer issued a notice of violation informing the plaintiff that it was in violation of its permit and the applicable ordinance. *Dubois Livestock, Inc. v. Town of Arundel*, 2014 ME 122, ¶ 6, 103 A.3d 556. Though the code enforcement officer had yet to initiate enforcement, the plaintiff appealed the notice of violation to the board of appeals, which upheld the notice of violation. *Id.* ¶¶ 6-7. The trial court affirmed the decision of the board of appeals. *Id.* ¶ 8.

The Law Court acknowledged that, under its precedents in *Eliot Shores* and *Farrell*, the plaintiff's appeal of the notice of violation would be dismissed as calling for an advisory opinion. *Id.* ¶ 9. However, the Law Court concluded that a recent United States Supreme Court decision and an amendment to the statute by the Maine Legislature justified review of the merits. *Id.* ¶¶ 9-11 (citing *Sackett v. EPA*, 566 U.S . __ , 132 S. Ct. 1367 (2012) and 30-A M.R.S. § 2691(4) (2013)).

Notably, the Law Court in *Dubois* said that its decision to reach the merits of the appeal in *Dubois* was based both on the reasoning in *Sackett* and on the enactment of section 2691(4). *Id.* ¶¶ 10-11 (citing *Sackett*, 566 U.S. __ , 132 S. Ct. at 1372-74 and *Annable v. Bd. of Envtl. Prot.*, 507 A.2d 592, 595-96 (Me. 1986)). However, *Dubois* did not address the holdings in *Herrle* that courts lack jurisdiction to engage in appellate review of exercises of prosecutorial discretion by municipalities and that neighboring property owners lack standing to initiate enforcement proceedings.

Plaintiffs argue that the amendment to section 2691 grants the court jurisdiction to review any decisions by a code enforcement officer or board of appeals unless the charter or ordinance expressly provides otherwise. (Pl. Reply Br. 4-5.) However, the statute plainly provides for review of a notice of violation or enforcement order and does not refer to decisions *not* to issue a notice of violation or not to enforce. Plaintiffs suggest that the amendment is meant to cover both situations, not just notices of violation. When interpreting statutes, the court looks to the plain language of the statute in order to effectuate the Legislature's intent. *Guar. Tr. Life Ins. Co. v. Superintendent of Ins.*, 2013 ME 102, ¶ 17, 82 A.3d 121. The plain language of the amendment to section 2691(4) refers only to a notice of violation being reviewable, and omits any reference to a failure or refusal to issue a notice of violation.

Moreover, there is a conceptual distinction between the effect of a notice of violation or an enforcement order upon the alleged violator's property and the effect of a failure to issue a notice of violation or an enforcement order upon neighboring properties. The CEO's failure to issue a notice of violation to the Girardins has no effect, within the meaning of *Dubois* and *Sackett*, on the use of the Bowditch property. The reference in the *Dubois* case to both *Sackett* and the recent section 2691(4) amendment indicates that there needs to be a notice of violation pending as of when the appeal to court is taken in order for the court to have jurisdiction.

Thus, nothing in *Dubois* or the amendment to section 2691(4) supports judicial review of the BOA or CEO decisions in this case. Moreover, the Law Court has expressly stated that the 2013 amendment to section 2691(4) only supersedes its prior holdings in *Eliot Shores* and *Farrell. See Paradis v. Town of Peru*, 2015 ME 54, ¶ 7, 115 A.3d 610. There is no indication that *Herrle* has been overruled in cases where the municipality has declined enforcement and has neither issued a notice of violation nor taken any other form of enforcement. To construe

9

*Dubois* and the section 2691(4) amendment to permit judicial review of a decision not to issue a notice of violation would be contrary to what appears to be the continuing precedent of *Herrle*.

What *Herrle* clearly stands for is that a municipal decision not to initiate enforcement of a municipal land use ordinance is not subject to judicial review, at least when the municipality has the discretion on whether to initiate enforcement. There is no doubt in this case that whether to initiate enforcement is within the discretion of the Selectpersons. Section 6.J.3 of the Town's Ordinance provides:

> ... the Selectpersons, upon notice from the Code Enforcement Officer, are hereby authorized and directed to institute any and all actions and proceedings, either legal or equitable, including seeking injunctions of violations and the imposition of fines, that **may** be appropriate or necessary to enforce the provisions of the Ordinance in the name of the municipality.

Sebago, Me. Land Use Ordinance § 6.J.3 (May 15, 2016) (emphasis supplied).

The Town Ordinance rules of construction call for the word "may," to be construed as "permitted," not mandatory. Sebago, Me. Land Use Ordinance § 9.A.4 (May 15, 2016). Thus, under the holding of *Herrle*, even if the court were to find that the BOA erred in upholding the CEO's determination that the Girardins' use did not constitute "agriculture," the BOS still retains prosecutorial discretion over whether or not to actually initiate enforcement against the Girardins.

Plaintiffs note, however, that the Ordinance does not confer any discretion on the CEO on whether to issue a notice of violation. As noted above, section 6.J.2 of the Town's Ordinance provides, in relevant part: "If the Code Enforcement Officer shall find that any provision of this Ordinance is being violated, he/she shall notify in writing the person responsible for such violation ... " Sebago, Me. Land Use Ordinance § 6.J.2 (May 15, 2016) (emphasis supplied). However, the determination whether to initiate any actual enforcement action, as opposed to a notice of violation and accompanying order, rests with the BOS, not the CEO. Moreover, if

10

judicial review is available in this case, it would be of the BOA decision, not the CEO's decision directly. The BOA's decision is still advisory as far as any enforcement action is concerned, and therefore is not subject to judicial review.

Likewise, the fact that the CEO's decision not to issue a notice of violation was based on what the Plaintiffs claim is an incorrect reading of the Ordinance does not change the outcome. The rule of *Herrle* does not allow the court, in deciding whether judicial review is available, to examine the reasoning underlying a municipal decision not to initiate enforcement action. To examine the reasoning behind the decision would be to conduct judicial review. A municipal decision either is subject to judicial review or is not.[3] The BOA decision in this case is not.

---

[3] Plaintiffs cite the Superior Court decision in *Briggs v. Town of York*, 2015 Me. Super. LEXIS 98 (Yor. Cty. May 15, 2015), in support of their contention that the court has jurisdiction to review a municipal decision not to issue a notice of violation. But that case is distinguishable on its facts, specifically the fact that in *Briggs* a notice of violation was actually issued.

In *Briggs*, the code enforcement officer issued a notice of violation based on an interpretation of the applicable ordinance provisions, and the alleged violator appealed the notice to the town zoning board of appeals pursuant to the applicable ordinance. The board of appeals overturned the code enforcement officer's decision based on a different interpretation of the applicable ordinance provisions. Abutters of the alleged violator appealed to the Superior Court. The Superior Court decided that, since the decision to issue a notice of violation was appealable under *Dubois* and the amendment to section 2691(4), initially to the board of appeals and in turn to the Superior Court, the court had authority to conduct judicial review. As noted above, the fact that the *Dubois* court referred to both the *Sackett* case and the section 2691(4) amendment in deciding whether to exercise jurisdiction suggests that there needs to be a notice of violation pending at the time of the Rule 80B appeal in order for the court to exercise jurisdiction, but the issue is still open.

In any case, the key distinction between this case and *Briggs* is that a notice of violation was issued in *Briggs*, whereas no notice of violation has ever been issued here.

The Town's denial of the Plaintiffs' request for enforcement action and this court's inability to review that determination does not leave the Plaintiffs without any possible recourse—property owners have had a nuisance remedy for noxious odors from animals on nearby property since Shakespeare's time. *See, e.g. Aldred's Case*, 9 Co Rep 57b, 77 ER 816, [1558-1774] All ER Rep 622 (1610) (Coke, C.J.) (neighbor's nuisance claim against owner of pigsty).

11

IT IS HEREBY ORDERED AS FOLLOWS:

Plaintiffs Benson and Catherine Bowditch's appeal pursuant to Maine Rule of Civil Procedure 80B is dismissed for lack of jurisdiction.

Pursuant to M.R. Civ. P. 79(a), the Clerk is hereby directed to incorporate this Order by reference in the docket.

Dated August 29, 2016

_____
A.M. Horton
Justice, Superior Court

12