MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:    2019 ME 29
Docket:      Yor-18-213
Submitted
  On Briefs: January 17, 2019
Decided:     February 26, 2019

Panel:       ALEXANDER, MEAD, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.

DANIEL RAPOSA JR. et al.

v.

TOWN OF YORK et al.

MEAD, J.

[¶1]  Daniel and Susan Raposa appeal from a judgment of the Superior Court (York County, *O'Neil, J.*) dismissing for lack of subject matter jurisdiction the Raposas' Rule 80B complaint for review of factual findings made by the Town of York's Board of Appeals.  Because we hold that the court has jurisdiction to review the Board's decision, we vacate the judgment and remand to the Superior Court for consideration of the complaint on the merits.

## I.  BACKGROUND

[¶2]  The Raposas own residential property in York that abuts property owned by Joshua Gammon.  Gammon has used his property for his commercial landscaping business since purchasing it from party-in-interest Peter Marcuri

in 2014. Marcuri had used the property both for his excavation business and as his residence.

[¶3] On March 26, 2016, the Raposas contacted the Town's Code Enforcement Officer (CEO) to express their concern that Gammon's use of the property was not consistent with Marcuri's nonconforming use. The CEO responded by email in April, stating that

> [t]he uses on the lots are consistent with the previous uses and no violations are warranted at this time. If you would like to appeal this determination, . . . [p]lease contact [the Board of Appeals] regarding the appeals process per article 18.8.2.1., which states, "The Board of Appeals shall hear and decide Appeals from any order, requirement, decision, or determination made by any person or Board charged with administration of this Ordinance."

[¶4] The Raposas appealed the CEO's decision to the Town's Board of Appeals in May. Three hearings were held on the appeal, during which the Raposas, their counsel, Gammon's counsel, the CEO, and other abutters presented testimony. Although the Board granted the Raposas' appeal for reasons not relevant to this appeal, the Board also made factual findings that were not in the Raposas' favor, namely that the use of the lot by Gammon's landscaping business did not constitute a change in use but rather was an intensification of the previous use.

[¶5]    The Raposas appealed to the Superior Court pursuant to M.R. Civ. P. 80B, challenging the Board's factual findings.  The Town moved to dismiss the appeal for lack of subject matter jurisdiction pursuant to M.R. Civ. P. 12(b)(1).[1]  The court granted the Town's motion to dismiss, finding that the Board's review of the CEO's decision was advisory and therefore unreviewable.[2]  The Raposas appealed to us.  *See* 5 M.R.S. 11008(1) (2018); M.R. Civ. P. 80B(n).

## II.  DISCUSSION

[¶6]  Pursuant to Maine law governing appeals from municipal boards, "[a]ny party may take an appeal, within 45 days of the date of the vote on the original decision, to Superior Court from any order, relief or denial in accordance with the Maine Rules of Civil Procedure, Rule 80B."  30-A M.R.S. § 2691(3)(G) (2018).  Notwithstanding the authority that the Rule grants the court to enter a judgment affirming, vacating, or modifying the decision under review or to remand the case to the governmental agency for further proceedings, *see* M. R. Civ. P. 80B(c), in a case we decided nearly twenty years

---

[1]  Gammon also appealed the decision, and the two appeals were consolidated.  When the Town moved to dismiss the appeals, Gammon joined in the Town's motion.

[2]  On February 5, 2018, the Raposas filed a motion to alter or amend the court's judgment pursuant to M.R. Civ. P. 59(e), which the court denied after a hearing.

ago, we held that where the Board's role in an appeal is advisory in nature, it is not subject to judicial review, *Herrle v. Town of Waterboro*, 2001 ME 1, ¶ 9, 763 A.2d 1159. In light of the cases that we have decided since *Herrle* and the Legislature's action in this area, we take this opportunity to clarify Maine law regarding the justiciability of a board of appeals' review of a CEO's determination.

[¶7] In *Herrle*, a Board of Selectmen, acting in lieu of the CEO who had a conflict of interest, determined that the use of a gravel pit was grandfathered and, based on that determination, it declined to take enforcement action. *Id.* ¶ 2. In considering an appeal from those actions, we focused on the Board of Selectmen's decision not to "enforce," and held that the Board of Appeals' role in an appeal of a determination that no violation of the Town's zoning ordinance existed was advisory in nature and not subject to judicial review. *Id.* ¶¶ 9-10. We reasoned that because the Board of Selectmen retained discretion not to bring an enforcement action, any decision by the court on the issue of whether the violation *determination* was correct would lack legal significance. *Id.* ¶ 10. In a later case, we explained that "*Herrle* precludes the court's intrusion into municipal decision-making when a municipality decides whether *or not* to undertake an enforcement action. If the municipality undertakes a subsequent

enforcement action, that action may be subject to judicial scrutiny if review is authorized by an appropriate law and ordinance." *Salisbury v. Town of Bar Harbor*, 2002 ME 13, ¶ 11, 788 A.2d 598.

[¶8] In 2010, we cited *Herrle* when we decided *Farrell v. City of Auburn*, 2010 ME 88, 3 A.3d 385, and *Shores v. Town of Eliot*, 2010 ME 129, 9 A.3d 806. In each case, a notice of violation of the municipal ordinance (NOV) issued by the Town's CEO was appealed to the Board of Appeals and then to the Superior Court. *Farrell*, 2010 ME 88, ¶¶ 3-5, 3 A. 3d 385; *Shores*, 2010 ME 129, ¶¶ 3-4, 9 A.3d 806. We concluded that because the only legal significance of each Board's decision was to provide an advisory opinion concerning whether the CEO's violation determination was correct, neither decision was subject to judicial review. *Farrell*, 2010 ME 88, ¶ 17, 3 A.3d 385; *Shores*, 2010 ME 129, ¶ 10, 9 A.3d 806. As discussed below, however, these two decisions were subsequently vitiated by statute. *See* 30-A M.R.S. § 2691(4) (2018); *Dubois Livestock, Inc. v. Town of Arundel*, 2014 ME 122, ¶ 9, 103 A.3d 556.

[¶9] In 2013, the Legislature enacted P.L. 2013, ch. 144, amending 30-A M.R.S. § 2691(4) (2013), to provide for board of appeals and Superior Court review of municipal notices of violation. *See Paradis v. Town of Peru*, 2015 ME 54, ¶ 7, 115 A.3d 610. The statute as amended provides that "[a]bsent

an express provision in a charter or ordinance that certain decisions of its code enforcement officer or board of appeals are only advisory and may not be appealed, a notice of violation or enforcement order by a code enforcement officer under a land use ordinance is reviewable on appeal by the board of appeals and in turn by the Superior Court under the Maine Rules of Civil Procedure, Rule 80B."  30-A M.R.S. § 2691(4).

[¶10]  Since the enactment of the amendment, NOVs have been generally appealable.  *See Paradis*, 2015 ME 54, ¶ 7, 115 A.3d 610.  Although the plain language of the statute does not explicitly address whether an appeal from a notice indicating that there is no violation is likewise authorized by section 2691(4), our opinions interpreting the provision have expressed the understanding that such "no violation" actions are similarly appealable.  For example, in *Dubois Livestock, Inc.*, 2014 ME 122, ¶¶ 9-11, 103 A.3d 556, we addressed the justiciability of an appeal from a CEO's NOV.  We considered the effect of the Supreme Court's ruling in *Sackett v. EPA* "that an Environmental Protection Agency compliance order, the equivalent of a municipal [NOV], was a final agency action subject to judicial review because the order affected the use of the property at issue and appeal was the only adequate remedy."  *Id.* ¶ 10 (citing *Sackett v. EPA*, 566 U.S. 120 (2012)) (quotation marks omitted).  We also

referenced our holding in *Annable v. Board of Environmental Protection* "that a court may reach the merits in a declaratory judgment action when an agency decision, although a notice or advisory opinion, can affect property uses." *Id.* (citing *Annable v. Bd. of Envtl. Prot.*, 507 A.2d 592, 595-96 (Me. 1986)).  We then concluded that, "like the compliance order at issue in *Sackett*, or the agency opinion at issue in *Annable*, [an NOV] affects the use, and may affect the value, of the property, and Dubois's only remedy, absent a Rule 80K action to defend, is appeal." *Id.*  Thus, in light of the reasoning in *Sackett* and *Annable* and the amendment to section 2691(4), we held that the NOV appeal was justiciable. *Id.* ¶ 11.

[¶11]  In accordance with our reasoning in *Dubois*,[3] we hold today that a CEO's written decision interpreting a land use ordinance is appealable to the Board and in turn to the Superior Court—whether the CEO finds that there is

---

[3] Only when statutory language is ambiguous do we "examine other indicia of legislative intent, such as legislative history." *Kimball v. Land Use Regulation Comm'n*, 2000 ME 20, ¶ 18, 745 A.2d 387 (quotation marks omitted).  Although the statutory language at issue is unambiguous and we need not consult extrinsic information to determine its meaning, we note that the stated purpose for amending section 2691 was to address our decisions in *Farrell* and *Shores*.  L.D. 1204, Summary (126th Legis. 2013).  As the proponents of the bill testified, after *Farrell* and *Shores*, CEO decisions were not binding on the parties, but instead were merely advisory.  L.D. 1204, Public Hearing Summary (126th Legis. 2013).  The proponents explained that, pursuant to this bill, a CEO's written decision interpreting a local ordinance would be binding unless timely appealed to the board of appeals—resulting in a quick and inexpensive method of resolving disputes at the local level.  *Id.*  It is clear from the legislative history that the proponents of the bill—and the Legislature in enacting the bill—favored allowing appeals of municipal decisions that affect the property interests of landowners.

8

or is not a violation—so long as the ordinance does not expressly preclude appeal. *See* 30-A M.R.S. § 2691(4); *Paradis*, 2015 ME 54, ¶ 7, 115 A.3d 610 (determining that section 2691(4) did not provide a right to appeal an NOV where the ordinance expressly stated that no appeal from an NOV may be taken). In making this announcement, we recognize that such decisions often determine the use and value of property and that persons affected by these decisions would otherwise have no remedy. *See Dubois*, 2014 ME 122, ¶¶ 10-11, 103 A.3d 556. The applicable statutes and the terms of the ordinance—not the potential advisory nature of appellate review—define the court's jurisdiction.[4]

[¶12] We thus turn to the Raposas' appeal. Because the Board conducted a de novo review of the CEO's determination, we review the Board's decision directly. *See Yates v. Town of Sw. Harbor*, 2001 ME 2, ¶ 10, 763 A.2d 1168; *Stewart v. Town of Sedgwick*, 2000 ME 157, ¶ 7, 757 A.2d 773. The Board found that Gammon's use of the lot did not constitute a change of use but rather an intensification of the same use. This determination—which would be final if

---

[4] To the extent that *Herrle* holds otherwise, it is overruled. Although the general rule that that the Board of Selectmen retains discretion in whether to bring an enforcement action for an ordinance violation continues to exist, *see Adams v. Town of Brunswick*, 2010 ME 7, ¶ 10, 987 A.2d 502; *Herrle v. Town of Waterboro*, 2001 ME 1, ¶ 10, 763 A.2d 1159, a municipality's decision that an ordinance has not been violated is a legal determination that is appealable subject to the provisions of that municipality's ordinance. *See Herrle*, 2001 ME 1, ¶¶ 13-14, 763 A.2d 1159 (Dana, J., dissenting).

the Raposas could not appeal—allows Gammon to continue to operate his lawn service business, thereby affecting the use of Gammon's property and potentially affecting the value of the Raposas' abutting property.

[¶13]  Absent an express provision in the Town's ordinance stating that the Raposas may not appeal, a determination of whether there has been a violation of the ordinance is reviewable on appeal.  *See* 30-A M.R.S. § 2691(4).  The Town of York's ordinance provides that "[a]ny party may take an appeal within 45 days of the vote on the [Board's] decision, to Superior Court from *any* order, relief or denial in accordance with the Maine Rules of Civil Procedure, Rule 80B."  York, Me., Zoning Ordinance § 18.8.3.6 (May 21, 2016) (emphasis added).  The Superior Court therefore has jurisdiction in this case.

The entry is:

> Judgment vacated.   Remanded for further proceedings.

---

Sandra L. Guay, Esq., Woodman Edmands Danylik & Austin, P.A., Biddeford, for appellants Daniel Raposa Jr. and Susan Raposa

Mary E. Costigan, Esq., Bernstein Shur, Portland, for appellee Town of York

Matthew W. Howell, Esq., Clark & Howell, LLC, York, for appellee Joshua Gammon

York County Superior Court docket numbers AP-2016-34, 35
FOR CLERK REFERENCE ONLY